[Cite as *State v. Davis*, 2011-Ohio-6776.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 10CA9 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| GEOFFREY A. DAVIS, | : | **RELEASED 12/19/11** |
| | : | |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

John A. Bay, BAY LAW OFFICE, L.L.C., Columbus, Ohio, for appellant.

James E. Schneider, Washington County Prosecutor, and Alison L. Cauthorn, Washington County Assistant Prosecutor, for appellee.

_____

Harsha, P.J.

{¶1} In this opinion we reconsider our prior holding that the trial court did not deny Geoffrey Davis his right to counsel at a critical stage of the proceedings. After a thorough review of the record and briefs, we conclude that our prior decision reaches the correct result. Specifically, we conclude that the resentencing hearing under R.C. 2929.191 was purely ministerial in nature because the court was limited to imposing a statutorily required term of postrelease control. Thus the hearing did not constitute a critical stage and Davis had no right to privately consult with counsel prior to the hearing.

{¶2} In 2004, a grand jury indicted Davis on one count of felonious assault and one count of abduction. After a jury found him guilty of these crimes in 2005, the trial court sentenced him to concurrent terms of imprisonment. In his first direct appeal, we rejected his claim that his conviction for felonious assault was against the manifest

weight of the evidence.  However, we agreed that his sentencing was unconstitutional in light of *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470 and ordered that he be resentenced.  See *State v. Davis*, Washington App. No. 05CA50, 2006-Ohio-3549 (*Davis I*).

{¶3}  In 2006, the trial court conducted the resentencing hearing and imposed the same sentence it had previously issued, i.e., seven and four years to be served concurrently.  Davis appealed from this judgment entry, claiming that the imposition of "non-minimum" sentences violated certain rights under the constitution.  We rejected these arguments and affirmed the trial court's judgment.  See *State v. Davis*, Washington App. No. 06CA39, 2007-Ohio-1281 (*Davis II*).

{¶4}  In 2009, Davis filed a motion for resentencing because the judgment entry of conviction from the resentencing failed to state that postrelease control was "mandatory."  The judgment entry stated that "a post release control period of three (3) years *may* be imposed by the Parole Board."  (Emphasis added).  Thus the entry indicated postrelease control was discretionary when Davis' convictions required mandatory postrelease control.  Accordingly, the trial court scheduled another resentencing hearing.  At this hearing, the trial court imposed the same sentence and later issued a nearly identical judgment entry to that used in the first resentencing.  However, this entry stated that postrelease control was mandatory.

{¶5}  Davis appealed from this judgment entry.  After reviewing the record, his appointed counsel informed this Court that she could discern no meritorious claims for appeal.  Accordingly, under *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, counsel moved to withdraw and presented us with two potential

assignments of error. Appointed counsel suggested that: 1.) the court should have conducted a de novo sentencing hearing because its failure to include the word "mandatory" in the first resentencing entry rendered that sentence void; and 2.) the court prejudiced Davis by refusing his request to privately confer with his attorney at the beginning of the second resentencing hearing. Davis also filed a pro se brief presenting additional proposed assignments of error. After reviewing the briefs and conducting an independent review of the record, we found the appeal wholly frivolous, granted appointed counsel's motion to withdraw, and affirmed the trial court's judgment. See *State v. Davis*, Washington App. No. 10CA9, 2010-Ohio-5294 (Davis *III*).

**{¶6}** Subsequently, Davis filed a belated motion for reconsideration. Although we rejected the grounds Davis set forth in his motion, we sua sponte granted reconsideration "on the question of whether Davis was denied the right to counsel." We identified two nonfrivolous questions and appointed Davis new counsel to address those issues on their merits:

> 1. Whether a resentencing hearing held pursuant to R.C. 2929.191, i.e. a hearing to impose statutorily required postrelease control that was omitted from an earlier sentence, is a "critical stage" of the trial process at which the right to counsel attaches under Article I, Section 10 of the Ohio Constitution and the 6th Amendment to the United States Constitution?
>
> 2. If such a hearing is a critical stage, whether the denial of the right to privately consult with counsel at the beginning of this hearing amounted to a denial, or constructive denial, of the right to counsel.

**{¶7}** In his brief, Davis contends that a R.C. 2929.191 hearing is a critical stage of the trial process to which the right to counsel attaches. As we explained in *Davis III* at ¶¶22-25:

> The Sixth Amendment to the United States Constitution, made applicable to the States through the Fourteenth Amendment, guarantees

that "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence."  Amendment VI, United States Constitution.  Similarly, but distinctly, the Ohio Constitution provides that "[i]n any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel * * *."  Section 10, Article I, Ohio Constitution.  When charged with a serious offense, once judicial proceedings have commenced against an accused, the right to counsel attaches to all "critical stages" of the proceedings.  See Crim.R. 44(A).  Normally, sentencing is a "critical stage."  *Gardner v. Florida* (1977), 430 U.S. 349, 358, 97 S.Ct. 1197.

Under the Ohio Constitution, the accused's right to counsel impliedly includes the right to consult privately with his or her attorney.  *State v. Milligan* (1988), 40 Ohio St.3d 341, 342, 533 N.E.2d 724.  Under the federal Constitution, a denial of a right to confer with counsel during a critical stage of the proceeding may violate the Due Process clause of the Fourteenth Amendment.  *Hawk v. Olson* (1945), 326 U.S. 271, 278, 66 S.Ct. 116.

* * *

A "critical stage" only exists in situations where there is a potential risk of substantial prejudice to a defendant's rights and counsel is required to avoid that result; in other words, counsel must be present "where counsel's absence might derogate from the accused's right to a fair trial." *United States v. Wade* (1967), 388 U.S. 218, 226, 87 S.Ct. 1926.  * * *

{¶8}    In *Davis III* we initially analyzed whether the second resentencing hearing constituted a de novo sentencing hearing or a R.C. 2929.191 hearing.  We explained that for sentences imposed on and after July 11, 2006 (the effective date of the statute), R.C. 2929.191 applied and the resentencing hearing under the statute was limited to the proper imposition of postrelease control.  See *Davis III* at ¶¶31, 33.  For sentences imposed prior to July 11, 2006, common law rules apply.  Under the common law as it stood at the time we decided *Davis III*, the failure to properly impose postrelease control rendered the entire sentence void, not just the imposition of postrelease control.  See id. at ¶31.  Thus, defendants were entitled to a de novo sentencing hearing, which constitutes a critical stage of the proceedings.  See id. at ¶25.  After we released *Davis*

*III*, the Supreme Court of Ohio modified the common law in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332.  The *Fischer* Court held that when a trial court fails to properly impose postrelease control, only that portion of the sentence is void, thus resentencing is limited to the issue of postrelease control.  See *Fischer* at ¶¶28-29.  In other words, under current law, regardless of whether the common law or R.C. 2929.191 applies, merely lacking notice of postrelease control never entitles a criminal defendant to a de novo sentencing hearing.

{¶9}    Because Davis' first resentencing hearing occurred after the effective date of R.C. 2929.191, we found that the statute applied, not the common law.  Id. at ¶32.  Davis contends that "R.C. 2929.191 resentencing hearings create many of the same imbalances and dangers the Framers sought to avoid by enacting the Sixth Amendment.  Defendants are forced to confront a prosecutor who is trained in the law, familiar with court procedures, and who handles these types of cases on a daily basis." (Appellant's Br. 4).  He also argues that postrelease control is a "significant part of a criminal sentence," and he elaborates on powers the Adult Parole Authority has in relation to postrelease control.  (Appellant's Br. 4).  The State, without any citation to authority, concedes that the R.C. 2929.191 hearing constituted a critical stage of the proceedings.  We disagree.

{¶10}  Undoubtedly, the imposition of postrelease control has serious consequences.  Just as clearly, the State had the benefit of counsel for the R.C. 2929.191 hearing.  Nonetheless, the trial court had no discretion on whether to impose postrelease control at the hearing.  As we explained in *Davis III*, "the court was limited to adding the words 'mandatory' to the imposition of post-release control, which it was

required to do in the first place, i.e., the court did not have the authority to make any other substantive changes to the already-imposed sentence." *Davis III* at ¶33. Thus, we agree with our initial conclusion in *Davis III* that Davis did not face a substantial risk of prejudice at the hearing. Id. The R.C. 2929.191 hearing was purely ministerial in nature, so the hearing did not constitute a critical stage of the proceedings, and Davis had no right to counsel at it. Id. at ¶2.

{¶11} Davis vaguely claims that "[o]nly by providing for the assistance of counsel will this Court ensure the petitioner a meaningful opportunity to assert claims and constitutional challenges to the application of R.C. 2929.191." (Appellant's Br. 4). However, he makes no effort to explain what purported constitutional challenge he would raise. Thus, we reject this argument.

{¶12} In addition, Davis contends that the "Ohio District Courts of Appeal who have considered this issue have unanimously concurred that a resentencing hearing is a critical stage of a criminal proceeding." (Appellant's Br. 5). Davis cites *State v. Morton*, Franklin App. No. 10AP-562, 2011-Ohio-1488; *State v. Steimle*, Cuyahoga App. No. 95076, 2011-Ohio-1071; and *State v. Reed*, Franklin App. No. 09AP-1164, 2010-Ohio-5819 to support his position. However, these authorities are not persuasive for the reasons we discuss below.

{¶13} *Morton* involved a R.C. 2929.191(C) hearing.[1] The appellant complained that the trial court violated his right to be present at a critical stage of the proceedings by conducting the hearing via videoconference instead of with his physical presence in the

---

[1] Although the *Morton* Court does not mention this issue, according to the decision, the trial court "resentenced appellant to the same sentence as originally ordered" and imposed postrelease control at this hearing. *Morton* at ¶19. However, a true R.C. 2929.191(C) hearing would be limited to the proper imposition of postrelease control. See *Davis III* at ¶33.

courtroom. See *Morton* at ¶¶17-18. The court rejected his argument, focusing primarily on the lack of prejudice to the appellant. See *Morton* at ¶19. There is no indication that the parties disagreed as to whether the hearing constituted a critical stage of the proceedings, and the court did not explicitly hold that the hearing was a critical stage. Even if the decision could be read to imply the court reached such a conclusion, because the court did not provide any analysis on this point we find *Morton* unhelpful in resolving this matter.

{¶14} *Reed* also involved an appellant who complained that the court conducted a resentencing hearing via videoconference. The *Reed* Court also rejected the appellant's contention that he had a right to be physically present at the hearing by focusing on the lack of prejudice. *Reed*, supra, at ¶14. As in *Morton*, there is no indication that the parties disagreed about whether the hearing constituted a critical stage, and the *Reed* court did not explicitly hold that the hearing was a critical stage. Even if the decision could be read to imply the court reached such a conclusion, as in *Morton*, the court provided no analysis on this point. Moreover, we find *Reed* even less relevant to this case than *Morton* because it involved a pre-*Fischer* de novo sentencing hearing. See id. at ¶4. Thus, unlike the trial court in this case, the trial court in *Reed* conducted a full resentencing hearing, which would constitute a critical stage of the proceedings, and was not limited to properly imposing postrelease control. See *Davis III*, supra, at ¶25. Therefore, we also find *Reed* unhelpful.

{¶15} *Steimle* also dealt with an appellant who complained that the court conducted a resentencing hearing to properly impose postrelease control via videoconference. The court made no specific finding about whether the hearing

constituted a critical stage.  Instead the court rejected the appellant's physical presence

argument using the harmless error doctrine, finding he suffered no prejudice from the

court's decision to use videoconferencing.  *Steimle*, supra, at ¶17.

**{¶16}**  Moreover, the court noted that the case might be controlled by *Fischer*, in

which case the defendant would not have to physically appear for resentencing.

*Steimle* at ¶¶16, 19.  In *Fischer* – which again, involved common law resentencing – the

Supreme Court stated:

> R.C. 2953.08(G)(2)(b) permits an appellate court, upon finding that a
> sentence is clearly and convincingly contrary to law, to remand for
> resentencing.  But a remand is just one arrow in the quiver.  R.C.
> 2953.08(G)(2) also provides that an appellate court may "increase, reduce
> *or* otherwise modify a sentence * * * *or* may vacate the sentence and
> remand the matter to the sentencing court for resentencing."  (Emphasis
> added.)  Correcting a defect in a sentence without a remand is an option
> that has been used in Ohio and elsewhere for years in cases in which the
> original sentencing court, as here, had no sentencing discretion.
>
> Correcting the defect without remanding for resentencing can
> provide an equitable, economical, and efficient remedy for a void
> sentence.  Here, we adopt that remedy in one narrow area: in cases in
> which a trial judge does not impose postrelease control in accordance with
> statutorily mandated terms.

*Fischer* at ¶¶29-30 (internal citations omitted).  Thus *Fischer* indicates that under the

common law when a sentence does not properly include postrelease control, a hearing

is not required for the defendant to obtain a corrected sentence.  Surely if it were a

critical stage, a hearing would be necessary under the common law.

**{¶17}**  R.C. 2929.191 explicitly requires a hearing to correct the improper

imposition of postrelease control in sentences handed down on or after July 11, 2006.

But the fact that a hearing is not required under the common law bolsters our conclusion

that the R.C. 2929.191 hearing does not constitute a critical proceeding because of its

purely ministerial nature.

{¶18} In addition, in *State v. Griffis*, Muskingum App. No. CT2010–57, 2011-Ohio-2955, the Fifth District recently addressed an appellant's argument that he was entitled to counsel at a post-*Fischer* common law resentencing hearing. The court found that the hearing did not constitute a critical stage of the proceedings, in part, citing with approval our decision in *Davis III*. The court explained:

> In the case at bar, appellant was convicted after a jury trial. Appellant was represented by counsel at his original sentencing hearing in 2001. Appellant was subject to a mandatory period of post release control. Both the mandatory nature and the length of appellant's post release control are governed by statute. Accordingly, no discretion was involved in the trial court's * * * re-sentencing hearing concerning appellant's post release control obligation.
>
> * * * [A]ppellant could not raise new issues, or issues he had previously raised on his direct appeal.
>
> "Consequently, the sentencing hearing was ... not a *de novo* hearing but a ministerial act to create a new journal entry with the addition of the corrected language noting that post-release control was mandatory." [*Davis III*] at ¶32.
>
> In the case at bar appellant did not face a substantial risk of prejudice because the court was limited to informing him in person concerning the imposition of five years mandatory post-release control and adding the words "mandatory" to the imposition of post release control as set forth in its Judgment Entry, which it was required to do in the first place, i.e., the court did not have the authority to make any other substantive changes to the already-imposed sentence.
>
> Traditional notions of fair play and substantial justice were not offended. Appellant cannot point with any specificity to any prejudice he suffered as a result of not having counsel to represent him during the * * * re-sentencing hearing.

*Griffis* at ¶¶29-33 (internal citations omitted).

{¶19} The decision in *Griffis* also reinforces our conclusion that we reached the correct result in *Davis III*. Accordingly, we affirm the trial court's judgment based on the

reasoning in *Davis III*.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, J. & McFarland, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
William H. Harsha, Presiding Judge

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**