[Cite as *State v. Peace*, 2012-Ohio-6118.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,           CASE NO.  5-12-04

    v.

TODD E. PEACE,                     **O P I N I O N**

    DEFENDANT-APPELLANT.

Appeal from Hancock County Common Pleas Court
Trial Court No. 1997 CR 29

Judgment Reversed, Sentence Vacated and Cause Remanded

Date of Decision:   December 26, 2012

APPEARANCES:

    *E. Kelly Mihocik* **for Appellant**

    *Mark C. Miller* **for Appellee**

**ROGERS, J.**

{¶1} Defendant-Appellant, Todd Peace, appeals the judgment of the Court of Common Pleas of Hancock County imposing postrelease control. On appeal, Peace argues that the trial court erred by conducting the resentencing hearing via videoconference, refusing to appoint counsel to represent him during the resentencing hearing, and failing to conduct a *de novo* sentencing hearing. For the reasons that follow, we reverse the trial court's judgment.

{¶2} On February 6, 1997, the Grand Jury of Hancock County indicted Peace on the following counts: (1) Count I – aggravated murder in violation of R.C. 2903.01(A), an unspecified felony, with specifications that the murder was committed to avoid punishment and that the victim was a witness to another offense committed by Peace; (2) Count II – conspiracy to commit murder in violation of R.C. 2923.01(A)(1), a felony of the first degree; (3) Count III – aggravated arson in violation of R.C. 2909.02(A)(1), a felony of the first degree; and (4) Count IV - tampering with evidence in violation of R.C. 2921.12, a felony of the third degree.

{¶3} The State voluntarily dismissed Count II and the specifications included in Count I. On November 9, 1998, the trial court accepted Peace's change of plea to guilty on the remaining counts. The matter then proceeded to sentencing. On February 11, 1999, the trial court sentenced Peace to a life prison

term with parole eligibility after 20 years on Count I, a nine year term on count II, and a four year term on Count IV. The trial court further ordered that Peace serve the terms consecutively. As a result, Peace's total prison term is life with parole eligibility after 33 years.

{¶4} In April 2011, Peace moved to withdraw his guilty plea. The trial court denied Peace's motion and Peace appealed to this court, asserting a variety of assignments of error. By summary judgment entry, we remanded this matter to the trial court because it had failed to properly impose postrelease control.

{¶5} After we remanded this matter, the trial court conducted a limited resentencing hearing for the purpose of properly imposing postrelease control on January 9, 2012. The hearing was conducted via videoconference. There is no indication in the record that Peace agreed to not being physically present for the hearing. During the hearing, Peace requested that he have counsel, but the trial court denied his request on the basis that the hearing "was an administrative proceeding" that did not require the presence of counsel for Peace. Tr., p. 4. Peace also challenged the limited nature of the resentencing hearing, which the trial court likewise rejected.

{¶6} In regard to the imposition of postrelease control, the trial court stated the following during the hearing:

[U]nder 2929.14, and 2929.18,[1] upon completion of your sentence you will have to serve a period of post-release control as part of your sentence for a mandatory 5 years.

If you are placed on post-release control the adult parole authority is authorized to return you to prison for up to 9 months for any single violation, up to a maximum of 50 percent of your prison sentence for all violations. And if you are convicted of a new felony while on post-release control, that, in addition for being punished for the new offense, the Judge could add an additional consecutive prison term of 1 year or what time remains on your post-release control term, whichever is greater. That in compliance with 2929.141. *Id*. at p. 7.

After this statement, the trial court denied a variety of other motions filed by Peace during the course of the proceedings. The trial court journalized the imposition of postrelease control and the denial of Peace's motions in a judgment entry filed on January 9, 2012.

{¶7} Peace filed this timely appeal of the trial court's judgment, presenting the following assignments of error for our review.

*Assignment of Error No. I*

**THE TRIAL COURT ERRED WHEN IT CONDUCTED MR. PEACE'S JANUARY 9, 2012 RESENTENCING HEARING VIA VIDEOCONFERENCING WITHOUT MR. PEACE WAIVING HIS RIGHT TO BE PHYSICALLY PRESENT.**

*Assignment of Error No. II*

**THE TRIAL COURT ERRED WHEN IT REFUSED TO APPOINT MR. PEACE COUNSEL TO REPRESENT HIM AT THE JANUARY 9, 2012 RESENTENCING HEARING.**

---

[1] The trial court cited to R. C. 2929.14, and 2929.18, however, R.C. 2929.19(B)(2) requires that trial courts notify defendants that they will be subject to postrelease control under R.C. 2967.28.

### *Assignment of Error No. III*

**THE TRIAL COURT ERRED WHEN IT RULED MR. PEACE WAS ENTITLED TO A LIMITED RESENTENCING HEARING AND NOT A DE NOVO RESENTENCING HEARING.**

{¶8} Due to the nature of the assignments of error, we elect to address them out of order.

### *Assignment of Error No. II*

{¶9} In his second assignment of error, Peace argues that the trial court erred in denying him counsel for the resentencing hearing. We agree.

{¶10} Both the United States Constitution and the Ohio Constitution guarantee that a defendant has the right to counsel during the critical stages of criminal proceedings. Sixth and Fourteenth Amendments to the United States Constitution; Ohio Constitution, Article I, Section 10. Thus, our disposition of this matter is dependent on our determination of whether a resentencing hearing for the purpose of properly imposing postrelease control is a critical stage of criminal proceedings. In our analysis, we are guided by the following statement from the United States Supreme Court regarding the definition of "critical stage":

> [I]n addition to counsel's presence at trial, the accused is guaranteed that he need not stand alone against the State at any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate from the accused's right to a fair trial. * * * The presence of counsel at such critical confrontations, as at the trial itself, operates to assure that the accused's interests will be protected consistently with our adversary theory of criminal prosecution. *United States v. Wade*, 388 U.S. 218, 226-27, 87 S.Ct. 1926 (1967).

We can find no federal case law interpreting the Sixth Amendment's guarantee of the right to counsel as requiring that the defendant demonstrate prejudice from the denial of counsel during critical stages of criminal proceedings.

{¶11} Sentencing is a critical stage in which a criminal defendant has the right to counsel. *Gardner v. Florida*, 430 U.S. 349, 358, 97 S.Ct. 1197 (1977). The First District Court of Appeals has expounded on this principle in the context of resentencing by stating the following:

> [A] resentencing hearing is just as important and pivotal an aspect of the criminal proceedings as the original sentencing hearing. The hearing is not "only a resentencing." It is an opportunity for the trial court to correct its prior sentencing error and to sentence a defendant as mandated by the legislature, with all his constitutional and statutory rights intact. It is not to be treated as a pro forma rubberstamping of the original sentence. It is process by which the defendant is to be sentenced anew, with the trial court following the instructions provided by a reviewing court. *State v. Clark*, 1st Dist. No. C-020550, 2003-Ohio-2669, ¶ 6.

Further, the Supreme Court of Ohio has stated that postrelease control is a part of a defendant's sentence. *E.g.*, *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 23 (We * * * reiterate that a judge must conform to the General Assembly's mandate in imposing postrelease-control sanctions *as part of a criminal sentence*.").

{¶12} A review of these principles reveals two critical propositions. First, criminal defendants have the right to counsel during the critical stages of the proceedings against them, including during sentencing and resentencing. Second,

since postrelease control is part of sentencing, its imposition, even in a limited sentencing hearing, is part of a critical stage during criminal proceedings. Based on these premises, we find that criminal defendants have the right to counsel when trial courts conduct limited resentencing hearings for the purpose of properly imposing postrelease control. The trial court here denied Peace's request for an attorney and consequently denied him the right to counsel guaranteed under the United States and Ohio constitutions.

{¶13} The State argues that a limited resentencing hearing for the purpose of imposing postrelease control is merely "administrative," that the presence of counsel is unnecessary, and that the absence of counsel in this matter did not result in prejudice to Peace. It further relies on authority from the Fourth, Ninth, and Eleventh Districts to support these contentions. *See State v. Davis*, 4th Dist. No. 10CA9, 2011-Ohio-6776, ¶ 1 (stating that resentencing hearing to impose postrelease control is "purely ministerial in nature because the [trial] court [is] limited to imposing a statutorily required term of postrelease control"); *State v. Stallworth*, 9th Dist. No. 25461, 2011-Ohio-4492, ¶ 29 ("Post-release control defects do not affect the merits of a defendant's underlying conviction or the lawful elements of his existing sentence."); *State v. Walker*, 11th Dist. No. 2009-L-170, 2011-Ohio-401, ¶ 28 (finding that the defendant was not entitled to attorney in resentencing hearing for purpose of imposing postrelease control); *see also State v. Griffis*, 5th Dist. No. CT2010-57, 2011-Ohio-2955, ¶ 29-32 (finding

that the defendant was not entitled to counsel during resentencing hearing because there was no substantial risk of prejudice to his fair trial rights). Although we acknowledge the conflict in decisions, we reject the State's contentions and decline to follow the foregoing authority.

{¶14} As noted above, postrelease control is part of the defendant's sentence and it has serious consequences in that it restricts the defendant's rights upon his release from imprisonment. *Davis*, 2011-Ohio-6776, at ¶ 10 ("Undoubtedly, the imposition of postrelease control has serious consequences."). Consequently, a limited hearing for the purpose of imposing postrelease control serves the critical function of properly handing down a criminal sentence that is in accord with the General Assembly's and the courts' directives. *See Clark*, 2003-Ohio-2669, at ¶ 6. A defendant is entitled to counsel in such a critical stage, whether or not the lack of counsel prejudices him. Accordingly, we disagree with other courts' descriptions of limited resentencing hearings as administrative and their focus on prejudice to the defendant when he is denied counsel in such hearings.

{¶15} Even if we were to focus on the prejudice that results from a denial of counsel in limited resentencing hearings, we would still disagree with other courts' findings that counsel is unnecessary in such hearings. We can think of the following four ways in which counsel's presence affects the outcome of the hearing and the rights of the defendant:

(1)   It ensures that the General Assembly's and the courts' directives are followed;

(2)   It ensures that the defendant understands the nature and import of the hearing;

(3)   It ensures that the defendant proceeds in a way that properly preserves issues for appellate review; and

(4)   It safeguards the defendant's interests if the trial court proceeds to address issues besides the imposition of postrelease control.

{¶16} Indeed, a review of the hearing transcript in this matter reveals some of the dangers that naturally follow from the absence of counsel during limited resentencing hearings.[2]  Without counsel, Peace was left confused and lacking an appropriate understanding of the hearing's purpose.  He understood neither the procedural history that led to the hearing nor what purpose the hearing served.  Consider the following exchange:

> THE DEFENDANT: Your Honor, I was under the impression, according to what District Court – the Third District Court of Hancock County, the ruling was that if it was a – either it was going to be a nunc pro tunc enunciation where they could give me PRC [postrelease control], or it was suppose[d] to be a de novo according to which would have been State versus Singleton, or it may have been just give me a nunc pro tunc hearing.
>
>     I'm not sure how this pronouncement came about.  But I do know that whatever the Third District stated was it was, it suppose[d] to be in compliance with the previous – give me one second, Your Honor.

---

[2] In addition to the deficiencies discussed here, we note that the State was afforded the opportunity to have counsel present during the resentencing hearing.

THE COURT: Let me just say this, Mr. Peace, you may have one idea of what the mandate of the Court of Appeals is in this case, and I may have another.

THE DEFENDANT: Yes, sir.

THE COURT: And apparently I have another. And it's my prerogative to proceed in light of my understanding of the entry of the Court of Appeals rather than your understanding of it. Tr., p. 5.

{¶17} Peace's statements after the trial court imposed postrelease control further reveal confusion on his part and a trial court that was unable to correct it:

THE DEFENDANT: Your Honor, if I may. Am I permitted to speak?

THE COURT: Yes.

THE DEFENDANT: Okay. I have three questions. First of all, Your Honor, I'm serving an aggravated murder count which would incline me – I belong to the parole board as it is anyway.
      Second, also, I served my 13 years, Your Honor. I'm already [past] the point for post-release control. State versus Singleton, same thing I brought a little while ago. I've already served that time.
      Second [sic], has the state reviewed the record, because that was clearly what the Third District said. They said to review the record to pronounce a de novo or a nunc pro tunc. It's right here in front of me, Your Honor. It states that if they find themselves they properly advised me of post-release control all those years ago, then it was suppose[d] to be a nunc pro tunc entry. However, my questions remains is, has the State reviewed the record? The record being the transcripts, Your Honor. Because I was aware of transcripts have not been transcribed.

THE COURT: I don't know that. All I – my only mandate was as I've described it. And I don't intend to further expand this hearing beyond what the Court of Appeals has mandated, and I have complied with that mandate.

-10-

THE DEFENDANT: Your Honor, respectfully, I don't believe that you responded to what the Third District asked of you. I would like to know am I able to appeal this hearing?

THE COURT: I can't give you legal advice. *Id*. at p. 8-9.

With counsel, Peace would not have been in the position of having to ask the trial court about his appellate rights. He would not have been in the unenviable position of having no legal background and being forced to argue about the interpretation of our previous ruling in this matter. And, he would not have been in the position of being confused as to the legal terms being used by the trial court while it imposed serious restrictions on his postrelease freedom.

{¶18} Further, we note that the hearing in this matter was not simply limited to the imposition of postrelease control. The trial court denied other motions that Peace had filed. It also denied Peace's request for the expedited production of the hearing transcript so that he could file an appeal. Again, Peace was left without counsel to ably argue these issues. In light of these effects from the denial of counsel in this matter, we find that the presence of counsel is not superfluous in limited resentencing hearings conducted to properly impose postrelease control.

{¶19} In sum, the right to counsel is among the most precious rights that our Constitution provides. *See Miranda v. Arizona*, 384 U.S. 436, 442, 86 S.Ct. 602 (1966), quoting *Cohens v. Commonwealth of Virginia*, 19 U.S. (6 Wheat.) 264, 387 (1821) ("These precious rights [including the right to counsel] were fixed

in our Constitution only after years of persecution and struggle. And in the words of Chief Justice Marshall, 'they were secured for ages to come, and * * * designed to approach immortality as nearly as human institutions can approach it.'"). The United States Supreme Court has conferred this right during all critical stages of criminal proceedings, including sentencing, and under Ohio law, postrelease control is part of criminal sentences. As a result, a defendant is entitled to counsel whenever a trial court conducts a hearing for the purpose of imposing postrelease control, even if the hearing is for the sole purpose of imposing statutorily-mandated postrelease control. As such, the trial court improperly denied Peace's request for counsel in this matter.

{¶20} Accordingly, we sustain Peace's second assignment of error.

*Assignments of Error Nos. I & III*

{¶21} Our disposition of Peace's second assignment of error renders his first and third assignments of error moot and we decline to address them. *See* App.R. 12(A)(1)(c).

{¶22} Having found error in the particulars assigned and argued in the second assignment of error, we reverse the trial court's judgment denying Peace's right to counsel, vacate the portion of its sentence imposing postrelease control, and remand the matter for further proceedings.

***Judgment Reversed , Sentence Vacated and Cause Remanded***

**SHAW, P.J., concur.**

**WILLAMOWSKI, J., Dissents.**

I dissent from the majority. I would follow the reasoning of the fourth, ninth, and eleventh districts and find that the resentencing was merely ministerial in nature. See *Davis, supra; Walker, supra,* and *Stallworth, supra*. Thus, there was no need for Peace to be provided counsel. For this reason, I would affirm the judgment of the trial court.