[Cite as *State v. Graham*, 2013-Ohio-218.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

 PLAINTIFF-APPELLEE,     CASE NO. 5-12-02

 v.

NATHAN A. GRAHAM,     O P I N I O N

 DEFENDANT-APPELLANT.

Appeal from Hancock County Common Pleas Court
Trial Court No. 1999 CR 25

**Judgment Reversed, Sentence Vacated and Cause Remanded**

**Date of Decision: January 28, 2013**

APPEARANCES:

 *Kristopher A. Haines* **for Appellant**

 *Mark C. Miller* **for Appellee**

**SHAW, J.**

{¶1} Defendant-Appellant Nathan Graham ("Graham") appeals the judgment of the Court of Common Pleas of Hancock County imposing post-release control. Graham claims that the trial court erred by conducting the resentencing hearing via videoconference, refusing to appoint counsel to represent him during the resentencing hearing, and failing to conduct a *de novo* sentencing hearing. For the reasons that follow, we reverse the trial court's judgment.

{¶2} On November 22, 2000, Graham was sentenced to a total prison term of 55 years in prison after a jury found him guilty of one count of attempted murder, one count of rape, three counts of felonious assault, one count of kidnapping, and one count of having a weapon while under a disability. The trial court did not mention post-release control at the sentencing hearing, however the sentencing entry ordered that Graham serve "up to a maximum of five years" post-release control. Graham's conviction and sentence were affirmed in November of 2001. Since then, Graham has filed numerous actions with this court.

{¶3} In 2011, Graham filed a motion challenging the imposition of post-release control. Graham argues that because the trial court ordered him to serve "up to" five years on community control, it erred in sentencing him. A videoconference without counsel was held. During this hearing, the trial court modified its sentence and ordered that Graham serve five years on post-release

control. This order was journalized on December 1, 2011. Graham appeals from this sentence and raises the following assignments of error.

### First Assignment of Error

**The trial court committed reversible error when it determined that [Graham] was entitled to a limited resentencing hearing for the purpose of properly imposing mandatory post-release control against [Graham], and failed to conduct a de novo resentencing hearing, in violation of [Graham's] rights under the Fourteenth Amendment to the United States Constitution, and Section 16, Article I of the Ohio Constitution.**

### Second Assignment of Error

**The trial court committed reversible error when it conducted [Graham's] December 1, 2011, resentencing hearing via video conference, without having first obtained a valid waiver of [Graham's] right to be physically present during that hearing, in violation of [Graham's] rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Sections 10 and 16, Article I of the Ohio Constitution.**

### Third Assignment of Error

**The trial court committed reversible error when it denied [Graham's] rights to due process and the assistance of counsel, in violation of [Graham's rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Sections 10 and 16, Article I of the Ohio Constitution.**

Due to the nature of the assignments of error, we elect to address them out of order.

{¶4} In his third assignment of error, Graham argues that the trial court erred in denying him counsel for the resentencing hearing. Based upon this

court's prior holding in *State v. Peace,* 3d Dist. No. 5-12-04, 2012-Ohio-6118, we agree. In *Peace*, this court held that resentencing to correct an error with post-release control is a critical stage of the proceedings. As such, the defendant is entitled to counsel at the hearing. "[W]e find that criminal defendants have the right to counsel when trial courts conduct limited resentencing hearings for the purpose of properly imposing [post-release] control." *Id*. at ¶12. "A defendant is entitled to counsel in such a critical stage, whether or not the lack of counsel prejudices him." *Id.* at 14.

{¶5} Having found error in the third assignment of error, the first and second assignments of error are rendered moot and we decline to address them. *See* App.R. 12(A)(1)(c).

{¶6} Having found prejudicial error as to Graham's resentencing, we reverse the judgment and remand for further proceedings.

*Judgment Reversed, Sentence Vacated*
*and Cause Remanded*

**ROGERS, J. concurs.**

**/jlr**

**WILLAMOWSKI, J.**

{¶7} I dissent from the majority. I would follow the reasoning of the fourth, ninth, and eleventh districts and find that the resentencing was merely

ministerial in nature. See *State v. Davis*, 4th Dist. No. 10CA9, 2011-Ohio-6776, ¶ 1; *State v. Walker*, 11th Dist. No. 2009-L-170, 2011-Ohio-401, ¶ 28; and *State v. Stallworth*, 9th Dist. No. 25461, 2011-Ohio-4492, ¶ 29. Thus, there was no need for Graham to be provided counsel. For this reason, I would affirm the judgment of the trial court.