LanzingeR, J.,
dissenting in part and concurring in judgment only.
{¶ 23} I concur in judgment but respectfully dissent from the majority’s holding that a resentencing hearing held for the limited purpose of properly imposing statutorily mandated postrelease control is a critical stage of a criminal proceeding that gives rise to the right to counsel. I would hold, as have the majority of appellate' courts that have considered the issue of postrelease-control correction,[1] that a resentencing hearing held for this purpose is ministerial and *73 does not involve the possibility of prejudice that requires counsel to represent the defendant.

The Statutory Procedure

{¶ 24} The majority reasons that because postrelease control is part of a sentence and sentencing is a critical stage of the criminal proceedings, a resentencing hearing held for the limited purpose of properly imposing statutorily mandated postrelease control is a critical stage of a criminal proceeding. I disagree. The General Assembly has created a statutory procedure to remedy a sentencing court’s mistake in failing to properly impose a term of postrelease control. R.C. 2929.191 applies to Schleiger because he was initially sentenced after July 11, 2006. State v. Ketterer, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 69. The statute provides for a limited resentencing:
Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction. The offender has the right to be physically present at the hearing, except that, upon the court’s own motion or the motion of the offender or the prosecuting attorney, the court may permit the offender to appear at the hearing by video conferencing equipment if available and compatible. An appearance by video conferencing equipment pursuant to this division has the same force and effect as if the offender were physically present at the hearing. At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction.
(Emphasis added.) R.C. 2929.191(C).
{¶25} The statute refers to “the offender” throughout and there is no reference to “the offender’s attorney.” An attorney is unnecessary at this stage of proceedings because at most, the court is to “issue a correction to the judgment of conviction.” Id. The hearing is not de novo and is limited to the performance of a ministerial act.
{¶ 26} Schleiger has not shown how he was prejudiced by a correction that did not change his sentence other than to impose postrelease control that was always mandated by statute. In fact, we have already suggested that it is possible for a *74 court of appeals in a situation in which no sentencing discretion is involved, to modify a sentence under R.C. 2953.08(G)(2) without remanding to the trial court. State v. Fischer, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 29-30. This arguably could include correcting an error in the imposition of postrelease control.
Timothy Young, Ohio Public Defender, and Stephen P. Hardwick, Assistant Public Defender, for appellant.

No Critical Stage of Criminal Proceedings

{¶ 27} The key to determining if a particular type of proceeding is a critical stage is to ask whether there is a potential risk of substantial prejudice to a defendant’s rights, thus requiring the presence of counsel to avoid that result. Stated differently, counsel will be required “where counsel’s absence might derogate from the accused’s right to a fair trial.” United States v. Wade, 388 U.S. 218, 226, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). The word “trial” implies an adversarial process with the possibility of a different outcome, rather than a ministerial process in which no judicial discretion is involved.
{¶ 28} By mandating the right to defense counsel for a hearing that simply concerns the correction of a postrelease-control error, the majority unduly broadens the meaning of “critical stage” of criminal proceedings. The nature of the hearing under R.C. 2929.191(C) is not adversarial and the trial court exercises no discretion, so this is not a trial-like setting at which “counsel would help the accused ‘in coping with legal problems or * * * meeting [the] adversary.’ ” Rothgery v. Gillespie Cty., Texas, 554 U.S. 191, 212, 128 S.Ct. 2578, 171 L.Ed.2d 366 (2008), fn. 16, quoting United States v. Ash, 413 U.S. 300, 313, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973). The postrelease-control-correction hearing is not in the nature of a probation-revocation hearing, in which the defendant faces the imminent possibility of new confinement and for which counsel has been deemed necessary. See Mempa v. Rhay, 389 U.S. 128, 137, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). Schleiger’s prison sentence was already imposed and remained intact, and the hearing at issue was held merely to correct the omission of the fact that he was subject to three years of mandatory postrelease control. This ministerial correction did not involve any discretion and did not (and could not) change his original sentence of incarceration.
{¶ 29} I would hold that although it would be best practice to provide a standby attorney for consultation, as was done in this case, a defendant has no right to the appointment of counsel in a resentencing hearing to correct a postrelease-control error. I therefore concur in judgment only.
Kennedy and French, JJ., concur in the foregoing opinion.

. See State v. Davis, 4th Dist. Washington No. 10CA9, 2011-Ohio-6776, 2011 WL 6930322, ¶ 1 (resentencing hearing to impose postrelease control is “purely ministerial in nature because the [trial] court [is] limited to imposing a statutorily required term of postrelease control”); State v. Griffis, 5th Dist. Muskingum No. CT2010-57, 2011-Ohio-2955, 2011 WL 2436648, ¶ 29-32 (no need to appoint counsel for resentencing hearing to impose postrelease control because no substantial risk of prejudice to defendant’s fair-trial rights); State v. Stallworth, 9th Dist. Summit No. 25461, 2011-Ohio-4492, 2011 WL 3903245, ¶ 29 (postrelease-control defects “do not affect the merits of a defendant’s underlying conviction or the lawful elements of his existing sentence”); State v. Walker, *73 11th Dist. Lake No. 2009-L-170, 2011-Ohio-401, 2011 WL 333893, ¶ 28 (defendant not entitled to attorney in resentencing hearing limited to imposing postrelease control).