[Cite as *State v. Schleiger*, 2013-Ohio-1110.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO.  CA2011-11-012 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>3/25/2013 |
| - vs - | : | |
| | : | |
| CURTIS D. SCHLEIGER, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 09CR010286

Martin P. Votel, Preble County Prosecuting Attorney, Kathryn M. Worthington, Preble County Courthouse, 101 East Main Street, Eaton, Ohio 45320, for plaintiff-appellee

James Vanzant, P.O. Box 161, Eaton, Ohio 45320, for defendant-appellant

**M. POWELL, J.**

{¶ 1}   Defendant-appellant, Curtis Schleiger, appeals a decision of the Preble County Court of Common Pleas imposing postrelease control following a resentencing hearing.

{¶ 2}   In August 2009, a jury found appellant guilty of felonious assault (a felony of the second degree) and carrying a concealed weapon (a felony of the fourth degree).  Appellant was subsequently sentenced to 8 years in prison on the felonious assault charge and to 18 months in prison on the concealed weapon charge, to be served consecutively.

{¶ 3} Appellant appealed his conviction. Counsel for appellant filed a brief with this court pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). Appellant filed a pro se brief raising assignments of error pertaining to dismissal of the indictment, denial of a continuance, failure to find a lesser included offense, ineffective assistance of trial counsel, prejudicial use of a prior offense, intoxication of the victim, and new witnesses and statements regarding the incident.

{¶ 4} On August 30, 2010, this court found that the trial court had failed to properly impose postrelease control for the following reasons. First, the sentencing entry stated appellant was subject to mandatory postrelease control "up to a maximum of five years," when in fact his felonious assault conviction required a mandatory term of three years postrelease control. In addition, the trial court stated at the sentencing hearing there were consequences for violating postrelease control, but did not explain those consequences to appellant. *State v. Schleiger*, 12th Dist. No. CA2009-09-026, 2010-Ohio-4080, ¶ 4. We remanded the matter to the trial court "with instructions * * * to correct the improper imposition of postrelease control pursuant to the procedures outlined in R.C. 2929.191." *Id.* at ¶ 6.

{¶ 5} On October 20, 2011, the trial court conducted a limited resentencing hearing for the purpose of properly imposing postrelease control. Appellant represented himself during the hearing. The trial court denied appellant's request that his prison terms be served concurrently rather than consecutively. The trial court then re-imposed the original sentence and told appellant he would be subject to a mandatory term of three years postrelease control.

{¶ 6} The trial court also advised appellant that any violation of the terms or conditions of postrelease control would authorize the Ohio Adult Parole Authority to impose additional prison time, "up to one half of the total amount of time that you receive as a

- 2 -

sentence." Further, if appellant committed another felony while on postrelease control, he could receive "up to one-half of the total stated term of [his] sentence."

{¶ 7} Appellant appeals, raising three assignments of error.

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY NOT OBTAINING A VALID WAIVER OF APPELLANT'S RIGHT TO COUNSEL BEFORE PROCEEDING WITH THE RESENTENCING HEARING.

{¶ 10} Appellant argues his right to counsel was violated at the postrelease control resentencing hearing because the trial court failed to obtain a valid waiver of his right to counsel before allowing him to represent himself. We disagree.

{¶ 11} The Sixth Amendment to the United States Constitution and Ohio Constitution, Article I, Section 10, both guarantee a defendant a right to counsel during the critical stages of criminal proceedings. "Normally, sentencing is a 'critical stage.'" *State v. Davis*, 4th Dist. No. 10CA9, 2011-Ohio-6776, ¶ 7, citing *Gardner v. Florida*, 430 U.S. 349, 97 S.Ct. 1197 (1977). "A 'critical stage' only exists in situations where there is a potential risk of substantial prejudice to a defendant's rights and counsel is required to avoid that result; in other words, counsel must be present 'where counsel's absence might derogate from the accused's right to a fair trial.'" *State v. Griffis*, 5th Dist. No. CT2010-57, 2011-Ohio-2955, ¶ 28, quoting *United States v. Wade*, 388 U.S. 218, 226, 87 S.Ct. 1926 (1967).

{¶ 12} Ohio appellate courts are divided as to whether a defendant has a right to counsel at a resentencing hearing for purposes of imposing mandatory postrelease control. The Fourth, Fifth, Ninth, and Eleventh Appellate Districts held that a trial court is not required to appoint (or allow) counsel for purposes of a postrelease control resentencing hearing. *See Davis* (defendant had no right to counsel at postrelease control resentencing hearing); *Griffis* (same); *State v. Stallworth*, 9th Dist. No. 25461, 2011-Ohio-4492 (same); and *State v.*

*Walker*, 11th Dist. No. 2009-L-170, 2011-Ohio-401 (defendant was not entitled to consult with his attorney at postrelease control resentencing hearing).

{¶ 13} The Ninth and Eleventh Appellate Districts generally noted that R.C. 2929.191, the applicable statute to remedy postrelease control error in a sentence imposed on or after July 11, 2006 (the effective date of the statute), does not provide a right of counsel at such a hearing. *Stallworth* at ¶ 27; *Walker* at ¶ 28. The Ninth Appellate District further held that "postrelease control defects do not affect the merits of a defendant's underlying conviction or the lawful elements of his existing sentence." *Stallworth* at ¶ 29.

{¶ 14} The Fourth, Fifth, and Eleventh Appellate Districts held that because the mandatory nature and the length of a defendant's postrelease control are governed by statute, and thus, because a trial court has no discretion as to whether to impose postrelease control, a resentencing hearing for purposes of imposing mandatory postrelease control is purely ministerial in nature and does not constitute a critical stage of the proceedings. As a result, a defendant has no right to counsel at such a hearing. *Griffis*, 2011-Ohio-2955 at ¶ 29, 31-32 (defendant did not face a substantial risk of prejudice because the trial court is limited to do what it was required to do in the first place, i.e., the court did not have the authority to make any other substantive changes to the already-imposed sentence); *Davis*, 2011-Ohio-6776 at ¶ 10 (same); and *Walker*, 2011-Ohio-401 at ¶ 29.

{¶ 15} By contrast, the Third Appellate District held that "a defendant is entitled to counsel whenever a trial court conducts a hearing for the purpose of imposing postrelease control, even if the hearing is for the sole purpose of imposing statutorily-mandated postrelease control." *State v. Peace*, 3rd Dist. No. 5-12-04, 2012-Ohio-6118, ¶ 19. The appellate court based its holding on the fact that (1) defendants have a right to counsel during the critical stages of criminal proceedings, including during sentencing and resentencing; and (2) because postrelease control is part of sentencing and "has serious

consequences in that it restricts the defendant's rights upon his release from imprisonment," "its imposition, even in a limited sentencing hearing, is part of a critical stage during criminal proceedings." *Id.* at ¶ 12, 14. As a result, "[a] defendant is entitled to counsel in such a critical stage, whether or not the lack of counsel prejudices him." *Id.* at ¶ 14. The appellate court acknowledged the conflicting decisions of the Fourth, Fifth, Ninth, and Eleventh Appellate Districts but declined to follow them.

{¶ 16} Upon reviewing the foregoing decisions, we are persuaded by and choose to follow the reasoning and holdings of the Fourth, Fifth, Ninth, and Eleventh Appellate Districts. As the Ohio Supreme Court held in *State v. Fisher*, 128 Ohio St.3d 92, 2010-Ohio-6238, a sentence that does not include the statutorily mandated term of postrelease control is void, and the new sentencing hearing to which a defendant is accordingly entitled is limited to proper imposition of postrelease control. *Id.* at ¶ 1, 29. In other words, the resentencing hearing is not a de novo sentencing hearing. Thus, in a resentencing hearing held for the purpose of properly imposing mandatory postrelease control, a trial court has no discretion and is required and limited to imposing postrelease control the way it was required to do in the first place. The trial court has no authority to make any other changes to the already-imposed sentence. As a result, such a hearing is purely ministerial and a defendant does not face a substantial risk of prejudice.

{¶ 17} We note that in the case at bar, the trial court began the resentencing hearing by asking appellant if he wanted to represent himself or have the court appoint an attorney for him. The trial court had an attorney present for appellant to confer with. The trial court allowed appellant time to discuss the decision with counsel. After conferring with counsel, appellant told the trial court he wanted to represent himself. The trial court asked that counsel remain so that she could answer any questions appellant may have.

{¶ 18} In light of the foregoing, we find that appellant's right to counsel was not

violated when he was allowed to represent himself at the postrelease control resentencing hearing. Appellant's first assignment is overruled.

{¶ 19} Assignment of Error No. 2:

{¶ 20} THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS IMPOSITION OF POST RELEASE CONTROL BY NOT FULLY AND ACCURATELY INFORMING APPELLANT OF THE CONSEQUENCES OF THE COMMISSION OF A NEW FELONY WHILE UNDER POST RELEASE CONTROL OR OF THE PENALTIES FOR VIOLATIONS OF POST RELEASE CONTROL.

{¶ 21} Appellant argues postrelease control was not properly imposed on remand because during the resentencing hearing and in its entry, the trial court failed to advise appellant that if he were to violate postrelease control sanctions or commit a new felony while under postrelease control, prison time could be imposed in successive nine-month increments, as set forth in R.C. 2967.28(F)(3). Appellant also argues the trial court failed to advise him both during the resentencing hearing and in its entry that if he were to commit a new felony while under postrelease control, he could be "sent back to prison for at least twelve months up to a maximum of the time remaining which would have been served on post release control had the entire period of post release control been served out."

{¶ 22} "Effective July 11, 2006, R.C. 2929.191 establishes a procedure to remedy a sentence that fails to properly impose a term of postrelease control." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 69. "For criminal sentences imposed on or after July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall apply the procedures set forth in R.C. 2929.191." *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, paragraph two of the syllabus; *Ketterer* at ¶ 69. Because appellant was first sentenced in this case after July 11, 2006, R.C. 2929.191 applies.

{¶ 23} R.C. 2929.191(C) prescribes the type of resentencing hearing that must occur

in order to properly impose postrelease control, and R.C. 2929.191(A) and (B) describe the corrections to be made to a judgment of conviction in order to remedy the flawed imposition of postrelease control. *Singleton* at ¶ 24. Specifically, under R.C. 2929.191(A)(1), a corrected judgment of conviction will include the statement that the offender will be supervised under R.C. 2967.28 after he leaves prison. Under R.C. 2929.191(B)(1), a corrected judgment of conviction will include the statement that:

> [I]f a period of supervision is imposed following the offender's release from prison, * * * and if the offender violates that supervision or a condition of post-release control * * *, the parole board may impose as part of the sentence a prison term of up to one-half of the stated prison term originally imposed upon the offender.

{¶ 24} While R.C. 2929.191 refers to R.C. 2967.28, it does not require a trial court to advise an offender in the manner asserted by appellant. In the case at bar, the trial court's October 20, 2011 entry advises appellant that he is subject to R.C. 2967.28 (that is, to be supervised by the Ohio Adult Parole Authority) and that any violation of his postrelease control could subject him to a prison term of up to one-half of the prison term originally imposed. The trial court similarly advised appellant of the above during the resentencing hearing.

{¶ 25} We find the trial court imposed postrelease control in compliance with R.C. 2929.191 both during the resentencing hearing and in its entry. Postrelease control was therefore properly imposed on October 20, 2011. Appellant's second assignment of error is overruled.

{¶ 26} Assignment of Error No. 3:

{¶ 27} THE TRIAL COURT ERRED TO THE PREJUDICE OF WHEN IT REFUSED TO CONSIDER APPELLANT'S REQUEST TO REVISIT THE PREVIOUSLY IMPOSED PRISON SENTENCE AND ORDER PRISON TERM FOR THE FOURTH DEGREE FELONY

CHARGE TO RUN CONCURRENT TO THE SECOND DEGREE FELONY CHARGE.  (sic)

{¶ 28}  Appellant argues the trial court erred when it denied his request that his prison terms be served concurrently rather than consecutively.  We disagree.

{¶ 29}  As stated earlier, the Ohio Supreme Court held in *Fisher* that when a trial court fails to properly impose statutorily mandated postrelease control, "that *part* of the sentence * * * is void and must be set aside."  (Emphasis sic.)  *Fisher*, 2010-Ohio-6238 at ¶ 26.  The defendant is not entitled to be resentenced on the entire sentence – "only the portion that is void may be vacated and otherwise amended."  *Id.* at ¶ 28; *State v. Jackson*, 12th Dist. No. CA2011-08-154, 2012-Ohio-993, ¶ 9.  Further, the new sentencing hearing a defendant is entitled to under R.C. 2929.191(C) "is limited to proper imposition of postrelease control." *Fisher* at ¶ 29.

{¶ 30}  In 2010, we remanded the matter to the trial court "to correct the improper imposition of postrelease control pursuant to the procedures outlined in R.C. 2929.191." *Schleiger*, 2010-Ohio-4080 at ¶ 6.  Hence, during the resentencing hearing, the trial court was limited to imposing the proper statutorily mandated postrelease control, which it did.  All other aspects of appellant's original sentence were valid, remained in effect, and could not be revisited by the trial court.  *See State v. Taylor*, 4th Dist. No. 10CA7, 2011-Ohio-1391.  Our remand ordering the trial court to correct postrelease control errors did not open the door for appellant to attack his underlying conviction or other sentencing matters.  *See Jackson.* Had the trial court ordered appellant's prison terms to run concurrently, it would have erred, since doing so would have been outside the scope of its mandate which was merely to correct postrelease control errors.

{¶ 31}  Appellant laments the fact that given the supreme court's decision in *Fisher* and the fact the original appeal was disposed of by the filing of an *Anders* brief, he is effectively denied of his right to appeal his sentence.  However, we note that appellant filed a pro se

brief in the original appeal. Appellant could have challenged his consecutive prison terms then, but did not. In addition, in reviewing the record following the filing of the *Anders* brief and appellant's pro se brief, we clearly found no error prejudicial to appellant, including in the imposition of the consecutive prison terms. *See Schleiger* at ¶ 3.

{¶ 32} The trial court did not err in denying appellant's request that his prison terms be served concurrently rather than consecutively. Appellant's third assignment of error is overruled.

{¶ 33} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.