[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Schleiger,* Slip Opinion No. 2014-Ohio-3970.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-3970

THE STATE OF OHIO, APPELLEE, *v*. SCHLEIGER, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Schleiger,* Slip Opinion No. 2014-Ohio-3970.]**

*Criminal law—Right to counsel—Resentencing hearing pursuant to R.C. 2929.191 is "critical stage" of criminal proceedings—Defendant is entitled to counsel at resentencing hearing held for limited purpose of imposing statutorily mandated postrelease control—Crim.R. 44(A)— Waiver of counsel.*

(Nos. 2013-0743 and 2013-1046—Submitted May 14, 2014—Decided September 23, 2014.)

APPEAL from and CERTIFIED by the Court of Appeals for Preble County, No. CA2011-11-012, 2013-Ohio-1110.

_____

O'DONNELL, J.

{¶ 1} The Twelfth District Court of Appeals certified the following conflict question for resolution: "Whether a defendant is entitled to counsel when a trial court conducts a resentencing hearing for the purpose of imposing

statutorily mandated post-release control." We accepted the conflict and one proposition of law from Curtis D. Schleiger's discretionary appeal: "A defendant has the right to counsel at a felony resentencing hearing regardless of the scope of the hearing."

{¶ 2} We answer the certified question in the affirmative because a resentencing hearing is a critical stage of a criminal proceeding to which the right to counsel attaches. In this case, however, the record reveals that Schleiger knowingly, intelligently, and voluntarily waived his right to counsel at the resentencing hearing, and we therefore affirm the judgment of the appellate court.

**Facts and Procedural History**

{¶ 3} On August 20, 2009, a jury found Schleiger guilty of felonious assault and carrying a concealed weapon. The court imposed a sentence of eight years on the felonious assault charge and a term of 18 months on the concealed weapon charge, consecutively served.

{¶ 4} Schleiger appealed, and the appellate court determined that the trial court did not properly impose postrelease control, and it therefore remanded the matter to the trial court for resentencing in accordance with R.C. 2929.191. *State v. Schleiger,* 12th Dist. Preble No. CA2009-09-026, 2010-Ohio-4080, ¶ 5-6. We did not accept Schleiger's appeal from that decision, 127 Ohio St.3d 1504, 2011-Ohio-19, 939 N.E.2d 1266, and later declined review of the appellate court's denial of Schleiger's attempt to reopen his appeal, 128 Ohio St.3d 1557, 2011-Ohio-2905, 949 N.E.2d 43. The Supreme Court of the United States denied certiorari. *Schleiger v. Ohio*, ___ U.S. ___, 132 S.Ct. 1142, 181 L.Ed.2d 1021.

{¶ 5} At the resentencing hearing, the trial court commented that from reading the appellate opinion it had the impression that Schleiger wanted to represent himself. In response, Schleiger indicated that he had filed a pro se brief. The trial court offered to appoint counsel and gave Schleiger the option of

having an attorney who was present in the courtroom represent him or of representing himself with counsel standing by, available to answer questions. After conferring with the attorney, Schleiger told the court that he wanted to represent himself. The trial court then asked standby counsel to remain in the courtroom to answer any questions Schleiger might have.

{¶ 6} Thereafter, the court denied Schleiger's request to reconsider his sentence as beyond the scope of the appellate court's remand order and announced that Schleiger would be subject to three years of mandatory postrelease control upon release from prison. The court also advised him of the consequences of violating postrelease control and regarding the sentence he faced if he committed another felony while on postrelease control.

{¶ 7} Schleiger appealed from the resentencing to impose postrelease control and moved to clarify the scope of the appeal, asserting that the state in a prior brief filed in opposition to his petition for a writ of certiorari before the United States Supreme Court had indicated its willingness to waive the application of res judicata and had stated that it would not oppose his raising issues in an appeal from a resentencing that normally could be raised only on direct appeal. In its entry clarifying the scope of the appeal before it, however, the court of appeals precluded him from raising issues that were raised or could have been raised during his initial appeal and limited the scope of the appeal to issues related only to his resentencing to impose postrelease control.

{¶ 8} The appellate court followed decisions from the Fourth, Fifth, Ninth, and Eleventh Appellate Districts and determined that an offender does not have a right to counsel at resentencing hearings conducted for the limited purpose of imposing mandatory postrelease control because those are not de novo sentencing hearings; rather, the appellate court reasoned that the trial court "has no discretion" in that situation and is restricted to imposing postrelease control in accordance with statute. *State v. Schleiger*, 2013-Ohio-1110, 987

N.E.2d 754, ¶ 16. Thus, it concluded that such a hearing is "purely ministerial and a defendant does not face a substantial risk of prejudice" without counsel. *Id.* The court of appeals also noted that the trial court had asked Schleiger at the resentencing hearing if he wanted to have the court appoint an attorney for him, and that after conferring with that attorney, Schleiger informed the court that he wanted to represent himself. *Id.* at ¶ 17. Thus, the court of appeals concluded that his right to counsel was not violated, *id.* at ¶ 18, and it rejected his other assignments of error.

{¶ 9} Thereafter, the appellate court certified that its decision conflicted with *State v. Peace,* 3d Dist. Hancock No. 5-12-04, 2012-Ohio-6118, which had held that a defendant has a right to counsel during a resentencing hearing conducted for the purpose of properly imposing postrelease control.

{¶ 10} On appeal to this court, Schleiger argues that a resentencing hearing is a critical stage of a criminal proceeding to which the right to counsel attaches, because postrelease control is part of a sentence. He urges that postrelease control requires the assistance of counsel to explain it and to provide guidance on whether to object or appeal. He also contends that because the state waived application of res judicata, he should have the opportunity to raise issues other than postrelease control.

{¶ 11} The state did not file a brief in this case.

{¶ 12} Accordingly, this case concerns the limited issue of whether a defendant is entitled to counsel at a resentencing hearing conducted solely for the purpose of properly imposing statutorily mandated postrelease control.

### The Right to Counsel During "Critical Stages"

{¶ 13} The Sixth Amendment right to counsel applies to critical stages of criminal proceedings. *United States v. Wade*, 388 U.S. 218, 224, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *see also Iowa v. Tovar*, 541 U.S. 77, 80, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004) ("The Sixth Amendment safeguards to an accused

who faces incarceration the right to counsel at all critical stages of the criminal process"). In *Wade*, the court explained that "in addition to counsel's presence at trial, the accused is guaranteed that he need not stand alone against the State at any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate from the accused's right to a fair trial." (Footnotes omitted.) *Id.* at 226; *see also Rothgery v. Gillespie Cty., Texas,* 554 U.S. 191, 212, 128 S.Ct. 2578, 171 L.Ed.2d 366 (2008), fn. 16 (noting that "critical stages" include proceedings between an individual and agents of the state that amount to trial-like confrontations at which counsel would help the accused in coping with legal problems or meeting the adversary).

{¶ 14}More specifically, in *Gardner v. Florida*, 430 U.S. 349, 358, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), the court explained that sentencing is a critical stage of the proceedings, and stated that "[t]he defendant has a legitimate interest in the character of the procedure which leads to the imposition of sentence even if he may have no right to object to a particular result of the sentencing process." *See also Mempa v. Rhay*, 389 U.S. 128, 137, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967) (holding that a defendant must be afforded an attorney at a revocation of probation hearing).

{¶ 15}Recognizing that sentencing is a critical stage of the criminal proceedings, we conclude that a resentencing hearing held for the limited purpose of properly imposing statutorily mandated postrelease control is a critical stage of a criminal proceeding. We have previously explained that terms of postrelease control are "part of the actual sentence" and that the court must inform the offender regarding these terms, because sentencing is a judicial function and a sentence cannot be imposed by the executive branch of government. *Woods v. Telb*, 89 Ohio St.3d 504, 511, 512, 733 N.E.2d 1103 (2000); *see also State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 23 ("a judge must conform to the General Assembly's mandate in

imposing postrelease-control sanctions as part of a criminal sentence"). And, if a court improperly imposes postrelease control on a sentence imposed on or after July 11, 2006, it may correct the sentence in accordance with the procedures set forth in R.C. 2929.191, which provides that a court must hold a hearing before issuing the correction. R.C. 2929.191(C); *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 32, 35.

{¶ 16}Although a resentencing hearing to impose a mandatory term of postrelease control requires the court to adhere to R.C. 2929.191, counsel's presence assures that the court complies with the directives of the statute, that it does not exceed the scope of the hearing, that the defendant understands the imposition of postrelease control, and that issues are properly preserved for appellate review. *See Peace,* 2012-Ohio-6118, at ¶ 15.

{¶ 17}But our conclusion that the right to counsel attaches at a resentencing hearing conducted for the limited purpose of imposing statutorily mandated postrelease control does not end our inquiry, because in this case, Schleiger told the court that he wanted to represent himself. Therefore, we must examine whether he validly waived that right.

### Waiver of the Right to Counsel

{¶ 18}The Sixth Amendment guarantees that a criminal defendant "has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so." *State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399 (1976), paragraph one of the syllabus, citing *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). "In order to establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right." *Gibson* at paragraph two of the syllabus.

{¶ 19}However, in *Iowa v. Tovar,* the court stated that it has not "prescribed any formula or script to be read to a defendant who states that he elects to proceed without counsel. The information a defendant must possess in order to make an intelligent election * * * will depend on a range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding." 541 U.S. at 88, 124 S.Ct. 1379, 158 L.Ed.2d 209. And in *Patterson v. Illinois*, 487 U.S. 285, 298, 108 S.Ct. 2389, 101 L.Ed.2d 261 (1988), a case involving postindictment questioning by police and the prosecutor, the court explained that it has "defined the scope of the right to counsel by a pragmatic assessment of the usefulness of counsel to the accused at the particular proceeding, and the dangers to the accused of proceeding without counsel. An accused's waiver of his right to counsel is 'knowing' when he is made aware of these basic facts."

{¶ 20}Crim.R. 44(A) provides that a criminal defendant charged with a serious offense is entitled to counsel "unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel." And Crim.R. 44(C) provides that "[w]aiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing." Notwithstanding, in *State v. Martin,* 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, we explained that

> when a criminal defendant elects to proceed pro se, the trial court must demonstrate substantial compliance with Crim.R. 44(A) by making a sufficient inquiry to determine whether the defendant fully understood and intelligently relinquished his or her right to counsel. If substantial compliance is demonstrated, then the failure to file a written waiver is harmless error.

(Citation omitted.) *Id.* at ¶ 39.

{¶ 21}In this case, the record reveals that the trial court had Schleiger's presentence investigation report, which disclosed that Schleiger was 26 years of age when he was sentenced in 2009, had completed his GED, had committed multiple offenses as a juvenile, had a criminal history of more than 25 misdemeanor and minor felony offenses dating from 2001 through 2008, had been imprisoned on three prior occasions, and had served at least ten different jail terms. Thus, the trial court had a basis to evaluate Schleiger's level of education and sophistication with the legal system and could determine Schleiger's ability to grasp the limited nature of a hearing involving imposition of mandatory postrelease control. In addition, the court had the ability to assess the danger to Schleiger of proceeding pro se, as prejudice could involve either exceeding the scope of the hearing or imposing postrelease control in a manner contrary to law. Notably, Schleiger elected to proceed pro se after conferring with counsel, who remained in the courtroom at the trial court's direction to assist if necessary. This record therefore demonstrates that Schleiger knowingly, intelligently, and voluntarily waived his right to counsel and reflects substantial compliance with Crim.R. 44(A).

## Conclusion

{¶ 22}We answer the certified question in the affirmative because a resentencing hearing is a "critical stage" of the proceedings to which the right to counsel attaches. *See United States v. Wade*, 388 U.S. at 224, 87 S.Ct. 1926, 18 L.Ed.2d 1149. However, the facts reveal that Schleiger knowingly, intelligently, and voluntarily waived his right to counsel at the resentencing hearing, and we therefore affirm the judgment of the appellate court, which held that the trial court had properly imposed postrelease control and had not violated Schleiger's right to counsel by allowing him to represent himself at the resentencing hearing.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER and O'NEILL, JJ., concur.

LANZINGER, KENNEDY, and FRENCH, JJ., dissent in part and concur in judgment only.

_____

**LANZINGER, J., dissenting in part and concurring in judgment only.**

{¶ 23}I concur in judgment but respectfully dissent from the majority's holding that a resentencing hearing held for the limited purpose of properly imposing statutorily mandated postrelease control is a critical stage of a criminal proceeding that gives rise to the right to counsel. I would hold, as have the majority of appellate courts that have considered the issue of postrelease-control correction,[1] that a resentencing hearing held for this purpose is ministerial and does not involve the possibility of prejudice that requires counsel to represent the defendant.

*The Statutory Procedure*

{¶ 24}The majority reasons that because postrelease control is part of a sentence and sentencing is a critical stage of the criminal proceedings, a resentencing hearing held for the limited purpose of properly imposing statutorily mandated postrelease control is a critical stage of a criminal proceeding. I disagree. The General Assembly has created a statutory procedure to remedy a sentencing court's mistake in failing to properly impose a term of postrelease control. R.C. 2929.191 applies to Schleiger because he was initially

---

[1] *See State v. Davis*, 4th Dist. Washington No. 10CA9, 2011-Ohio-6776, ¶ 1 (resentencing hearing to impose postrelease control is "purely ministerial in nature because the [trial] court [is] limited to imposing a statutorily required term of postrelease control"); *State v. Griffis*, 5th Dist. Muskingum No. CT2010-57, 2011-Ohio-2955, ¶ 29-32 (no need to appoint counsel for resentencing hearing to impose postrelease control because no substantial risk of prejudice to defendant's fair-trial rights); *State v. Stallworth*, 9th Dist. Summit No. 25461, 2011-Ohio-4492, ¶ 29 (postrelease-control defects "do not affect the merits of a defendant's underlying conviction or the lawful elements of his existing sentence"); *State v. Walker*, 11th Dist. Lake No. 2009-L-170, 2011-Ohio-401, ¶ 28 (defendant not entitled to attorney in resentencing hearing limited to imposing postrelease control).

sentenced after July 11, 2006. *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 69. The statute provides for a limited resentencing:

> Before a court holds a hearing pursuant to this division, the court shall *provide notice of the date, time, place, and purpose of the hearing to the offender* who is the subject of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction. The *offender has the right to be physically present* at the hearing, except that, upon the court's own motion or the motion of the offender or the prosecuting attorney, the *court may permit the offender to appear at the hearing by video conferencing equipment* if available and compatible. An appearance by video conferencing equipment pursuant to this division has the same force and effect as if the offender were physically present at the hearing. At the hearing, *the offender and the prosecuting attorney may make a statement* as to whether the court should issue a correction to the judgment of conviction.

(Emphasis added.) R.C. 2929.191(C).

{¶ 25}The statute refers to "the offender" throughout and there is no reference to "the offender's attorney." An attorney is unnecessary at this stage of proceedings because at most, the court is to "issue a correction to the judgment of conviction." *Id*. The hearing is not de novo and is limited to the performance of a ministerial act.

{¶ 26}Schleiger has not shown how he was prejudiced by a correction that did not change his sentence other than to impose postrelease control that was always mandated by statute. In fact, we have already suggested that it is possible for a court of appeals itself to correct a situation in which no sentencing

discretion is involved and modify a sentence under R.C. 2953.08(G)(2) without remanding to the trial court. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 29-30. This arguably could include correcting an error in the imposition of postrelease control.

*No Critical Stage of Criminal Proceedings*

{¶ 27}The key to determining if a particular type of proceeding is a critical stage is to ask whether there is a potential risk of substantial prejudice to a defendant's rights, thus requiring the presence of counsel to avoid that result. Stated differently, counsel will be required "where counsel's absence might derogate from the accused's right to a fair trial." *United States v. Wade*, 388 U.S. 218, 226, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). The word "trial" implies an adversarial process with the possibility of a different outcome, rather than a ministerial process in which no judicial discretion is involved.

{¶ 28}By mandating the right to defense counsel for a hearing that simply concerns the correction of a postrelease-control error, the majority unduly broadens the meaning of "critical stage" of criminal proceedings. The nature of the hearing under R.C. 2929.191(C) is not adversarial and the trial court exercises no discretion, so this is not a trial-like setting at which "counsel would help the accused 'in coping with legal problems or * * * meeting [the] adversary.' " *Rothgery v. Gillespie Cty., Texas*, 554 U.S. 191, 212, 128 S.Ct. 2578, 171 L.Ed.2d 366 (2008), fn. 16, quoting *United States v. Ash*, 413 U.S. 300, 313, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973). The postrelease-control-correction hearing is not in the nature of a probation-revocation hearing, in which the defendant faces the imminent possibility of new confinement and for which counsel has been deemed necessary. *See Mempa v. Rhay*, 389 U.S. 128, 137, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). Schleiger's prison sentence was already imposed and remained intact, and the hearing at issue was held merely to correct the omission of the fact that he was subject to three years of mandatory

postrelease control. This ministerial correction did not involve any discretion and did not (and could not) change his original sentence of incarceration.

{¶ 29}I would hold that although it would be best practice to provide a standby attorney for consultation, as was done in this case, a defendant has no right to the appointment of counsel in a resentencing hearing to correct a postrelease-control error. I therefore concur in judgment only.

KENNEDY and FRENCH, JJ., concur in the foregoing opinion.

_____

Timothy Young, Ohio Public Defender, and Stephen P. Hardwick, Assistant Public Defender, for appellant.

_____