[Cite as *State v. Koehler*, 2016-Ohio-3384.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## WYANDOT COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                     CASE NO.  16-15-10

      v.

BRANDALYNN D. KOEHLER,             O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Wyandot County Common Pleas Court
Trial Court No. 13-CR-0038

Judgment Affirmed in Part, Reversed in Part and Cause Remanded

Date of Decision:   June 13, 2016

APPEARANCES:

    *Emily P. Beckley* **for Appellant**

    *Eric J. Figlewicz* **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, Brandalynn D. Koehler ("Koehler"), appeals the November 23, 2015 judgment entry of sentence of the Wyandot County Court of Common Pleas. We affirm in part, and reverse in part.

{¶2} On April 10, 2013, the Wyandot County Grand Jury indicted Koehler on one count of possession of heroin in violation of R.C. 2925.11(A), a fifth-degree felony. (Doc. No. 1). On May 7, 2013, Koehler appeared for arraignment and entered a plea of not guilty. (Doc. No. 7).

{¶3} On August 14, 2013, Koehler filed a motion for intervention in lieu of conviction. (Doc. No. 13). On August 21, 2013, the State filed its response to Koehler's motion, stating that it did not oppose her motion so long as she "undergoes an alcohol/drug dependency evaluation and provides the Court with a copy of his [sic] treatment plan and * * * enters a plea of 'Guilty' to the Indictment." (Doc. No. 15).

{¶4} On October 17, 2013, Koehler withdrew her not-guilty plea and entered a plea of guilty. (Doc. No. 18). In exchange for her change of plea, the State agreed not to oppose Koehler's motion for intervention in lieu of conviction. (*Id.*). On October 24, 2013, the trial court accepted Koehler's guilty plea, granted Koehler's motion for intervention in lieu of conviction, and deferred finding Koehler guilty pending the satisfactory completion of her intervention. (Doc. No.

19).  The trial court ordered Koehler to serve two years of intervention supervision with the Wyandot County Adult Probation Department.  (*Id.*).

{¶5} On October 8, 2015, Koehler's probation officer filed a motion requesting that Koehler's probation be extended for one year, which the trial court granted.  (Doc. No. 22).  On October 12, 2015, the State filed a motion requesting that the trial court terminate Koehler's intervention in lieu of conviction and proceed with Koehler's guilty plea and sentencing.  (Doc. No. 23).

{¶6} At the November 3, 2015 termination hearing, Koehler waived her right to counsel.  (Doc. Nos. 27, 28); (Nov. 3, 2015 Tr. at 3-5).  Koehler admitted that she violated the terms of her intervention in lieu of conviction.  (Doc. No. 28); (Nov. 3, 2015 Tr. at 5-7).   Thus, the trial court concluded that there was probable cause that Koehler violated the terms of her intervention in lieu of conviction.  (Doc. No. 28); (Nov. 3, 2015 Tr. at 6-7).  As a result, the trial court found Koehler guilty and sentenced her to two years of community-control sanctions.  (Doc. No. 28); (Nov. 3, 2015 Tr. at 7, 11).   The trial court filed its entry on November 23, 2015.  (Doc. No. 28).

{¶7} On November 23, 2015, Koehler, pro se, filed her notice of appeal. (Doc. No. 29).  On February 24, 2016, Koehler filed a motion requesting that the trial court appoint her counsel for appellate purposes, which the trial court granted

the next day. (Doc. Nos. 34, 35). Koehler raises two assignments of error for our review.

## Assignment of Error No. I

**The trial court erred in not appointing Counsel to Appellant in this matter.**

{¶8} In her first assignment of error, Koehler argues that the trial court erred by not appointing her trial counsel at her intervention-in-lieu-of-conviction termination hearing. In particular, Koehler argues that her waiver of trial counsel was not knowing, intelligent, or voluntary.

{¶9} "The Sixth Amendment to the United States Constitution provides that an accused shall have the right 'to have the Assistance of Counsel for his defense.'" *State v. Owens*, 3d Dist. Allen, No. 1-07-66, 2008-Ohio-4161, ¶ 9, quoting the Sixth Amendment to the U.S. Constitution. "Although a defendant has a right to counsel, the defendant may 'waive that right when the waiver is voluntary, knowing, and intelligent.'" *Id.*, quoting *State v. Petaway*, 3d Dist. Logan No. 8-05-11, 2006-Ohio-2941, ¶ 8, citing *State v. Gibson*, 45 Ohio St.2d 366 (1976), paragraph one of the syllabus, citing *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525 (1975). "'"[T]o establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right."'" *Id.*, quoting *Petaway* at ¶ 9, quoting *Gibson* at paragraph two of the syllabus. "In

order for the defendant's waiver of counsel to be valid "'such waiver must be made with an apprehension of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.'"" *Id.* at ¶ 10, quoting *Gibson* at 377, quoting *Von Moltke v. Gillies*, 332 U.S. 708, 68 S.Ct. 316 (1948).

{¶10} Furthermore, "Crim.R. 44(A) provides that a criminal defendant charged with a serious offense is entitled to counsel 'unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel.'"[1] *State v. Schleiger*, 141 Ohio St.3d 67, 2014-Ohio-3970, ¶ 20, quoting Crim.R. 44(A). "And Crim.R. 44(C) provides that '[w]aiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Crim.R. 22. In addition, in serious offense cases the waiver shall be in writing.'" *Id.*, quoting Crim.R. 44(C).

> "[W]hen a criminal defendant elects to proceed pro se, the trial court must demonstrate substantial compliance with Crim.R. 44(A) by making a sufficient inquiry to determine whether the defendant fully understood and intelligently relinquished his or her right to counsel.

[1] Crim.R. 2(C) defines a "serious offense" as "any felony." Koehler was indicted on a fifth-degree felony.

If substantial compliance is demonstrated, then the failure to file a written waiver is harmless error."

*Id.*, quoting *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, ¶ 39.

**{¶11}** Koehler's waiver of her right to trial counsel was knowing, intelligent, and voluntary—that is, the trial court complied with the requirements of Crim.R. 44(A) because it sufficiently inquired whether Koehler fully understood and relinquished her right to counsel and obtained from Koehler a written waiver of counsel. Regarding Koehler's waiver of her right to counsel, the following exchange took place:

[Trial Court]:   Ms. Koehler, the State has moved to terminate your intervention, which would result in the court, if it was - - if the motion was successful, would result in the court terminating the intervention and proceeding to sentencing on your underlying case, which subjects you to a maximum prison term of twelve months and a $2,500 fine.

Knowing that, do you wish to have an attorney? Because you're entitled to an attorney, and an attorney at public expense if you can't afford one.

[Koehler]: No. I'll be fine without it. It's pretty straight forward.

[Trial Court]: But I mean, you know what you're looking at potentially?

[Koehler]: Yea. Well, Yea.

[Trial Court]: Remember anything you say can be used against you. So, I'm just trying to tell you of your rights; all right?

[Koehler]: Okay. I'll - - I mean, if it's going to continually go, yea, I guess I would need an attorney, but if we settle it today then I don't. I mean, we don't have to proceed in [sic] continue it just because I don't have an attorney today.

[Trial Court]: But I wanted you to know what you're exposure is here.

[Koehler]: I understand.

[Trial Court]: So, do you wish to have an attorney or not?

[Koehler]: No. Go ahead.

[Trial Court]: All right.

Understand, you can change your mind on that - -

[Koehler]:      Okay.

[Trial Court]:      - - so, as we go along, if you say, all of a sudden - -

[Koehler]:      Okay.

[Trial Court]:      - - go with that attorney.  Right now I'm going to give you a waiver of counsel, which says you were advised of your right to an attorney, an attorney at public expense, but knowing that, you are waiving, but you can change your mind.

[Koehler]:      Okay.

(Nov. 3, 2015 Tr. at 3-5).  Koehler signed the waiver.  (*Id.* at 5).  (*See* Doc. No. 27).  The trial court further explained to Koehler the termination-hearing process, the accusations against her, and the range of possible punishments to which Koehler responded, "Okay.  I already admitted that what [sic] I did, I smoked weed.  So, yes, I will just acknowledge that I did it."  (Nov. 3, 2015 Tr. at 5-6).  After accepting Koehler's admission, the trial court asked Koehler if she was prepared to proceed to sentencing to which Koehler responded, "Yea, you can go ahead with sentencing, if that's what you need to do."  (*Id.* at 7).  At no time during the hearing did Koehler express to the trial court that she did not understand any aspect of the intervention-in-lieu-of-conviction termination hearing or that she wished to stop the proceedings and obtain an attorney.  (*See*

Nov. 3, 2015 Tr.). Accordingly, based on our review of the record, Koehler knowingly, intelligently, and voluntarily waived her right to counsel. *See State v. Crider*, 3d Dist. Allen No. 1-13-20, 2014-Ohio-2240, ¶ 10.

{¶12} Koehler's first assignment of error is overruled.

**Assignment of Error No. II**

**The trial court erred in imposing a prison sentence, as well as a community control sanction.**

{¶13} In her second assignment of error, Koehler argues that the trial court erred by sentencing her to a prison term and a community-control sanction.

{¶14} A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record or that the sentence is contrary to law. *State v. Marcum*, ___ Ohio St.3d ___, 2016-Ohio-1002, ¶ 22 ("R.C. 2953.08(G)(2)(a) compels appellate courts to modify or vacate sentences if they find by clear and convincing evidence that the record does not support any relevant findings under 'division (B) or (D) of section 2929.13, division (B)(2)(3) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code."), quoting R.C. 2953.08(G)(2)(a); R.C. 2953.08(G)(2)(b). *See also State v. D.S.*, 10th Dist. Franklin No. 15AP-790, 2016-Ohio-2856, ¶ 9, citing R.C. 2953.08(G)(2) and *Marcum*. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be

established.'" *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**{¶15}** Koehler argues that her sentence is contrary to law based on this court's decision in *State v. Hartman*. 3d Dist. Van Wert No. 15-10-11, 2012-Ohio-874. We agree. "In *Hartman*, this Court stated that after S.B. 2, a trial court could not impose a prison sentence and community control sanctions on the same offense." *State v. Jackson*, 3d Dist. Defiance Nos. 4-12-08 and 4-12-09, 2012-Ohio-5132, ¶ 19, citing *Hartman* at ¶ 6. Reversing Hartman's sentence, "[t]his Court held that the trial court's imposition of a prison term and community control sanctions for the same offense was contrary to law." *Id.*, citing *Hartman* at ¶ 8. *See also State v. Berry*, 3d Dist. Defiance No. 4-12-04, 2012-Ohio-4660, ¶ 24 ("Our holding in *Hartman* (and the cases that came before it) was thus that a trial court could not explicitly *sentence* a defendant to prison and community control." (Emphasis sic.)).

**{¶16}** Here, the trial court explicitly sentenced Koehler to a prison term and community-control sanctions for the same offense. The trial court stated,

The Defendant was advised that her compliance with, and completion of, the above sanctions will be monitored, and that his [sic] failure to comply with and complete same will lead to a longer or more restrictive sanction, of eleven (11) months in prison, to

which Defendant is hereby *sentenced*, with the imposition of that

sentence deferred pending the satisfactory completion of the terms

and conditions of Defendant's community control. Said *sentences*

shall be served concurrently.

(Emphasis added.) (Doc. No. 28). (*See also* Nov. 3, 2015 Tr. at 15). It is improper for a trial court to sentence a defendant to a prison term and community-control sanctions for the same offense, and defer the prison term pending the satisfactory completion of the community-control sanctions. *See State v. Bryan*, 3d Dist. Shelby No. 17-11-43, 2012-Ohio-3308, ¶ 31 (Rogers, J. concurring separately) ("A trial court may sentence an individual to either community control or to a term of imprisonment. There is no authority to do both, and it is improper to indicate that the prison term is deferred pending satisfactory completion of community control."), citing *Hartman* at ¶ 6, citing *State v. Vlad*, 153 Ohio App.3d 74, 2003-Ohio-2930 (7th Dist.) and *State v. Hoy*, 3d Dist. Union Nos. 14-04-13 and 14-04-14, 2005-Ohio-1093, ¶ 18. As such, Koehler's sentence is clearly and convincingly contrary to law. Accordingly, we reverse that portion of Koehler's sentence and remand the matter for resentencing.

{¶17} Koehler's second assignment of error is sustained.

{¶18} Having found no error prejudicial to the appellant herein in the particulars assigned and argued in assignment of error one, we affirm the

judgment of the trial court. Having found error prejudicial to the appellant herein in the particulars assigned and argued in assignment of error two, we reverse the judgment of the trial court in part and remand for further proceedings consistent with this opinion.

*Judgment Affirmed in Part,*
*Reversed in Part and*
*Cause Remanded*

**SHAW, P.J. and ROGERS, J., concur.**

**/jlr**