[Cite as *State v. Arcuri*, 2024-Ohio-4825.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 2023CA0081-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| AARON J. ARCURI | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 23TRD02538 |

DECISION AND JOURNAL ENTRY

Dated: October 7, 2024

CARR, Presiding Judge.

{¶1} Appellant, Aaron Arcuri, appeals the judgment of the Medina Municipal Court. This Court reverses and remands.

I.

{¶2} On April 14, 2023, a Medina County deputy sheriff initiated a stop of Arcuri's vehicle in Montville Township. Arcuri was charged with driving under an OVI suspension in violation of R.C. 4510.14(A), as well as a marked lanes violation pursuant to R.C. 4511.33(A)(1). Arcuri pleaded not guilty to the charges at arraignment. The matter proceeded to a bench trial where Arcuri represented himself. The trial court found Arcuri guilty of both charges. The trial court ordered a presentence investigation report and set the matter for sentencing. Prior to sentencing, Arcuri retained counsel and filed a motion to vacate the finding of guilt on the charge of driving under an OVI suspension on the basis that he could show that he had driving privileges at the time of the stop. After conducting a hearing, the trial court denied the motion.

**{¶3}** The matter proceeded to sentencing where the trial court sentenced Arcuri to three days in jail and a total of $350 in fines. The trial court also issued a 30-day immobilization order and assessed 6 points to Arcuri's license.

**{¶4}** On appeal, Arcuri raises three assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT VIOLATED MR. ARCURI'S CONSTITUTIONAL RIGHT
TO ASSISTANCE OF COUNSEL FOR HIS DEFENSE.

**{¶5}** In his first assignment of error, Arcuri argues that the trial court violated his right to the assistance of counsel. This Court agrees.

**{¶6}** The Sixth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, provides criminal defendants with the fundamental right to counsel. *See Gideon v. Wainwright*, 372 U.S. 335, 339-340 (1963).

**{¶7}** The United States Supreme Court has held that a defendant cannot be imprisoned for any type of offense unless he was represented by counsel at trial or he made a knowing and intelligent waiver of his right to counsel. *Argersinger v. Hamlin*, 407 U.S. 25, 37 (1972). With respect to cases tried in Ohio courts, this Court has recognized that the right to counsel "extends to misdemeanor cases that could result in the imposition of a jail sentence." (Internal quotations and citations omitted.) *State v. Knight*, 9th Dist. Lorain No. 11CA010034, 2012-Ohio-5816, ¶ 14; *see also State v. Frederick*, 9th Dist. Wayne No. 18AP0005, 2020-Ohio-714, ¶ 8. This right to counsel applies to all critical stages of criminal proceedings. *State v. Schleiger*, 141 Ohio St.3d 67, 2014-Ohio-3970, ¶ 13. "In order to establish an effective waiver of the right to counsel, the trial court must make a sufficient inquiry to determine whether the defendant fully understands

and intelligently relinquishes that right." *State v. Gibson*, 45 Ohio St.2d 366 (1976), paragraph two of the syllabus.

**{¶8}** The trial court "must investigate [a defendant's request for self-representation] as long and as thoroughly as the circumstances of the case before him demand[.]" *State v. Obermiller*, 147 Ohio St.3d 175, 2016-Ohio-1594, ¶ 42, quoting *Von Moltke v. Gillies*, 332 U.S. 708, 723-724 (1948). This Court reviews the totality of the circumstances when determining whether the trial court conducted a sufficient inquiry into a defendant's decision to waive the right to counsel. *State v. Briggs*, 9th Dist. Wayne Nos. 18AP0008, 18AP0023, 2021-Ohio-1980, ¶ 10. "In verifying that a waiver of counsel is made knowingly, voluntarily, and intelligently, a trial court should determine whether the defendant was advised of the dangers and disadvantages of self[-]representation." *State v. Trikilis*, 9th Dist. Medina Nos. 04CA0096-M, 04CA0097-M, 2005-Ohio-4266, ¶ 13. "While no one factor is dispositive, the trial court should consider whether the defendant was advised of the nature of the charges and the range of allowable punishments, and, in addition, may consider whether the trial court advised the defendant of the possible defenses to the charges and applicable mitigating circumstances." *Id.*, citing *Gibson* at 377, citing *Von Moltke* at 724. The trial court should also address "all other facts essential to a broad understanding of the whole matter." *Von Moltke* at 724. "[T]he information a defendant must possess in order to make an intelligent election will depend on a range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding." *State v. Gilcreast*, 9th Dist. Summit No. 29347, 2020-Ohio-1207, ¶ 9, citing *Schleiger*, 141 Ohio St.3d 67, 2014-Ohio-3970, at ¶ 19.

**{¶9}** On appeal, Arcuri argues that the trial court failed to conduct a sufficient inquiry into whether he understood the nature of the proceedings against him prior to allowing him to

proceed without an attorney. In response, the State suggests that the colloquy that occurred prior to trial, when viewed in concert with the discussion that took place at arraignment, was sufficient to allow Arcuri to enter a valid waiver of his right to counsel.

{¶10} At arraignment, the trial court summarized the rights afforded to criminal defendants and outlined the potential penalties facing Arcuri. The trial court informed Arcuri that he had a right to an attorney and that, if he could not afford one, he had the right to have one appointed on his behalf. When asked if he wanted the trial court to appoint an attorney, Arcuri responded, "No thank you."

{¶11} When the parties appeared for trial, the trial court inquired as to whether Arcuri wished to maintain his waiver of counsel. Arcuri responded in the affirmative. After informing Arcuri that he was entitled to an attorney because the trial constituted a critical stage in the proceeding, the trial court directed the assistant prosecutor to identify the charges against Arcuri. The trial then discussed the potential penalties associated with those charges. The trial court further informed Arcuri that all of the procedural rules would be applied to him, even though he did not have an attorney. Arcuri indicated that he understood. At that point, the following exchange occurred on the record:

> [THE COURT:] And you understand that an attorney, who's been to law school, passed a bar exam, and tried some cases, they have a greater familiarity with those rules than you would?
>
> MR. ARCURI: Yes.
>
> THE COURT: Okay. And you also understand that you would be at a disadvantage relative to a lawyer when it comes to sword fighting over what evidence gets in, what evidence gets out, what questions are appropriate, what objections are appropriate? You understand that you would be at a significant disadvantage without a lawyer?
>
> MR. ARCURI: Yes, sir.

THE COURT:     Okay.  You also understand that the Court is going to treat you fairly in the process, and what that means is you'll be held to the same Rules of Procedure as will the State?  So that if you ask a question that's inappropriate and they object and it's an appropriate objection, I would sustain it and you can't ask that question.  Or if you try to introduce some evidence and you don't do it right and they object and the objection has merit, I won't let the evidence in either.  You understand all that, that you're going to be held to the same standards?

MR. ARCURI:     Yes, sir.

THE COURT:     Okay.  And you also understand that the Prosecutor in this case, by virtue of having gone to law school, passed the [b]ar [e]xam, and tried a whole bunch of cases, he's got a significant advantage on how this procedure is going to unfold over you?

Mr. ARCURI:     Yes, sir.

THE COURT:     All right.  So notwithstanding everything that I have just told you, you're still willing and intend to go forward without being assisted by a lawyer this afternoon?

MR. ARCURI:     Yes, sir.

{¶12}  The trial court indicated that it was satisfied that Arcuri had entered a knowing, intelligent, and voluntary waiver of his right to counsel.  The matter then proceeded to opening statements.

{¶13}  Under the circumstances in this case, we are compelled to sustain Arcuri's assignment of error.  The OVI suspension pertinent to this case stemmed from a separate action that was pending in the Berea Municipal Court.  Whether the Berea Municipal Court had granted Arcuri driving privileges at the time of the stop in this case was a pivotal issue.  Accordingly, this matter involved a fairly complex defense for Arcuri, given that it was necessary to understand the interplay between two separate cases that were pending in two different courts.  In light of this reality, the trial court's failure to address possible defenses with Arcuri was significant.  The trial court's failure to inquire of Arcuri's level of education and legal sophistication was also significant given the procedural posture of this case.  The trial court further failed to address whether there

were mitigating circumstances at play in this case, such as whether Arcuri may have failed to comprehend the proceedings in the Berea Municipal Court. We cannot say that Arcuri was adequately notified of the dangers of self-representation under these circumstances.

{¶14} Furthermore, the State's argument pertaining to the discussion at arraignment is not well taken. This Court has recognized that "[t]he purpose of an arraignment is to inform the accused of the charges made against him and to allow him to offer an answer to those charges." *State v. Bickel*, 178 Ohio App.3d 535, 2008-Ohio-5747, ¶ 9 (9th Dist.), quoting *State v. Hawkins*, 10th Dist. Franklin No. 97APA06–740, 1998 WL 134321, *2 (Mar. 24, 1998). The arraignment hearing in this case was fairly straightforward. While the magistrate informed Arcuri of his right to counsel, and further offered to appoint counsel, nothing that occurred at arraignment would support the conclusion that Arcuri entered a knowing, intelligent, and voluntary waiver of his right to counsel in this case. Arcuri's first assignment of error is well taken.

{¶15} Arcuri's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT IMPOSED A TERM OF INCARCERATION WHEN MR. ARCURI REPRESENTED HIMSELF AT TRIAL WITHOUT WAIVING HIS RIGHT TO COUNSEL.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN ENTERING A CONVICTION FOR DRIVING UNDER AN OVI SUSPENSION THAT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶16} In his second assignment of error, Arcuri argues that the trial court erred in imposing a jail term under circumstances where he did not properly waive his right to counsel. In his third assignment of error, Arcuri argues that his conviction was against the manifest weight of the evidence. In light of this Court's resolution of Arcuri's first assignment of error, this Court

declines to address the second and third assignments of error as they have been rendered moot. *See* App.R. 12(A)(1)(c).

## III.

**{¶17}** Arcuri's first assignment of error is sustained. This Court declines to address Arcuri's second and third assignments of error as they have been rendered moot. The judgment of the Medina Municipal Court is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,<br>
and cause remanded.

―――――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

HENSAL, J.
CONCURS.

FLAGG LANZINGER, J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

JOHN T. FORRISTAL, Attorney at Law, for Appellant.

J. MATTHEW LANIER, Prosecuting Attorney, for Appellee.