[Cite as *Hudson v. Ravida*, 2026-Ohio-1947.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

CITY OF HUDSON

    Appellee

    v.

ANTHONY RAVIDA

    Appellant

C.A. No.      31285

APPEAL FROM JUDGMENT
ENTERED IN THE
STOW MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.     2024 CRB 00301

DECISION AND JOURNAL ENTRY

Dated: May 27, 2026

---

CARR, Presiding Judge.

{¶1}     Appellant, Anthony Ravida, appeals the judgment of the Stow Municipal Court. This Court affirms in part, reverses in part, and remands.

I.

{¶2}     The instant controversy stems from the manner in which Ravida erected a fence on his residential property in Hudson.  While it is possible for Hudson residents to obtain administrative approval of their plans to build a fence, Ravida was required to appear before the Architectural and Historic Board of Review (AHBR) because the plans for his fence conflicted with the City's architectural design standards.  The City issued Ravida a zoning permit with a site plan after Ravida reached an agreement with the AHBR on several modifications to his plans.

{¶3}     After Ravida erected his fence, the City conducted an inspection and determined that he had failed to comply with the conditions upon which the zoning permit was issued.  The City filed a complaint charging Ravida with failing to comply with the conditions of a permit

approved by the AHBR, a misdemeanor of the third degree. Ravida pleaded not guilty to the charge at arraignment. The matter proceeded to a bench trial where Ravida represented himself. The trial court found Ravida guilty. The trial court imposed a $500 fine and a 30-day prison sentence upon Ravida. The trial court suspended 20 days of the jail sentence on the condition that Ravida remedy the zoning permit violations within 30 days. Ravida filed a notice of appeal. This Court dismissed the attempted appeal on the basis that the trial court's sentencing entry did not constitute a final, appealable order. On remand, the trial court imposed a $500 fine with a 30-day jail sentence, all of which was suspended on the condition that Ravida obey all laws for one year and "place the subject fence in a proper location and remove the wire mesh."

{¶4} On appeal, Ravida raises four assignments of error. This Court rearranges Ravida's assignments of error to facilitate review.

II.

### ASSIGNMENT OF ERROR II

THE COURT DID NOT SECURE A KNOWING, INTELLIGENT, AND VOLUNTARY WAIVER OF RAVIDA'S RIGHT TO COUNSEL.

{¶5} In his second assignment of error, Ravida argues that the trial court did not secure a knowing, intelligent, and voluntary waiver of his right to counsel. This Court agrees.

{¶6} Ravida argues that the trial court failed to secure a proper waiver of counsel in this case, in violation of his constitutional right to counsel as well as Crim.R. 44(B). Crim.R. 44(B) states, "[w]here a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent the defendant. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon the defendant, unless after being fully advised by the court, the defendant knowingly, intelligently, and voluntarily waives assignment of counsel."

{¶7} The United States Supreme Court has held that a defendant cannot be imprisoned for any type of offense unless he was represented by counsel at trial or he made a knowing and intelligent waiver of his right to counsel. *Argersinger v. Hamlin*, 407 U.S. 25, 37 (1972). With respect to cases tried in Ohio courts, this Court has recognized that the right to counsel "extends to misdemeanor cases that could result in the imposition of a jail sentence." (Internal quotations and citations omitted.) *State v. Knight*, 2012-Ohio-5816, ¶ 14 (9th Dist.); *see also State v. Frederick*, 2020-Ohio-714, ¶ 8 (9th Dist.). This right to counsel applies to all critical stages of criminal proceedings. *State v. Schleiger*, 2014-Ohio-3970, ¶ 13. "In order to establish an effective waiver of [the] right to counsel, the trial court must make sufficient inquiry to determine whether [the] defendant fully understands and intelligently relinquishes that right." *State v. Gibson*, 45 Ohio St.2d 366 (1976), paragraph two of the syllabus.

{¶8} The trial court "must investigate [a defendant's request for self-representation] as long and as thoroughly as the circumstances of the case before him demand[.]" *State v. Obermiller*, 2016-Ohio-1594, ¶ 42, quoting *Von Moltke v. Gillies*, 332 U.S. 708, 723-724 (1948). This Court reviews the totality of the circumstances when determining whether the trial court conducted a sufficient inquiry into a defendant's decision to waive the right to counsel. *State v. Briggs*, 2021-Ohio-1980, ¶ 10 (9th Dist.). "In verifying that a waiver of counsel is made knowingly, voluntarily, and intelligently, a trial court should determine whether the defendant was advised of the dangers and disadvantages of self[-]representation." *State v. Trikilis*, 2005-Ohio-4266, ¶ 13 (9th Dist.). "While no one factor is dispositive, the trial court should consider whether the defendant was advised of the nature of the charges and the range of allowable punishments, and, in addition, may consider whether the trial court advised the defendant of the possible defenses to the charges and applicable mitigating circumstances." *Id.*, citing *Gibson* at 377, citing *Von Moltke* at 724. The

trial court should also address "all other facts essential to a broad understanding of the whole matter." *Von Moltke* at 724. "[T]he information a defendant must possess in order to make an intelligent election will depend on a range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding." *State v. Gilcreast*, 2020-Ohio-1207, ¶ 9 (9th Dist.), citing *Schleiger* at ¶ 19.

{¶9}    At arraignment, Ravida entered a plea of not guilty and declined the appointment of counsel on his behalf.  The matter ultimately proceeded to a bench trial.  A review of the transcript reveals that, prior to the commencement of trial, the trial court engaged in the following exchange with Ravida:

| | |
|---|---|
| THE COURT: | All right.  Generally it doesn't make sense to not have representation in the trial.  Do you understand that? |
| THE DEFENDANT: | Yes. |
| THE COURT: | The reason is, I'm not allowed to help you. |
| THE DEFENDANT: | Right. |
| THE COURT: | At the same time, I'll try to explain things if something necessary comes up.  If you could not afford an attorney, one would be appointed to represent you because this is the kind of case that has potential jail time. |
| THE DEFENDANT: | Okay. |
| THE COURT: | Do you understand that? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Do you wish to proceed representing yourself after hearing what I've just said to you? |
| THE DEFENDANT: | Yes. |

{¶10} The record here supports Ravida's contention that the trial court failed to secure a knowing, intelligent, and voluntary waiver of his right to counsel. Putting forth a defense in this case required Ravida to understand how a third-degree misdemeanor charge related to Hudson's regulatory zoning scheme. While the trial court conducted a brief inquiry wherein it reminded Ravida that there was potential jail time, the trial court failed to address any of the complexities associated with this particular case. The transcript further reveals that the trial court neither discussed possible defenses with Ravida, nor did it inquire as to Ravida's level of education and legal sophistication. *See State v. Arcuri*, 2024-Ohio-4825, ¶ 13 (9th Dist.). Under these circumstances, we cannot say that the trial court secured a knowing, intelligent, and voluntary waiver of counsel from Ravida.

{¶11} Ravida's second assignment of error is sustained.

### ASSIGNMENT OF ERROR III

RAVIDA'S CONVICTION RESTS ON INSUFFICIENT EVIDENCE[.]

{¶12} In his third assignment of error, Ravida contends that his conviction was not supported by sufficient evidence. This Court disagrees.

{¶13} Although this Court's resolution of Ravida's second assignment of error mandates reversal, we nonetheless address his sufficiency challenge due to the constitutional protection against double jeopardy. *State v. Lindow*, 2016-Ohio-913, ¶ 15 (9th Dist.).

{¶14} When reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution to determine whether the evidence before the trial court was sufficient to sustain a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 279 (1991).

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether,

after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id*. at paragraph two of the syllabus.

{¶15} Part 12 of the Hudson Code of Ordinances ("H.C.O.") contains the Planning and Zoning Code. H.C.O. 1212.02(a) provides that [t]he office of the City Manager shall be the City agency authorized and empowered to enforce the provisions of this Code as set forth in this chapter." Ravida was convicted of violating H.C.O. 1212.02(b)(9)/(10). H.C.O. 1212.02(B) pertains to "[v]iolations" and states, in pertinent part, as follows:

It shall be a violation of this Land Development Code to undertake any of the following activities:

. . .

(9) Failure to comply with any terms, conditions, or limitations contained on the site plan, subdivision plat, landscaping plan, building elevations, or other approved document pertaining to a development or subdivision that has received final approval from the City;

(10) Failure to comply with any condition of record imposed by the appropriate decision-maker upon its review of the final site plan, planned development plan, site-specific development plan, or other plan for development under the provisions of this Code[.]

H.C.O. 1212.02(e) provides that "[w]hoever violates any provision of this Code is guilty of a misdemeanor of the third degree, the penalty for which shall be a maximum fine of five hundred dollars ($500.00) and imprisonment for a maximum period of sixty days, or both. Each day of violation of a provision of this Code is a separate offense. Each subsequent violation within two years of previously being convicted of or pleading guilty to the same provision of this Code shall be a misdemeanor of the first degree which shall be punishable by a maximum fine of one thousand dollars ($1,000) and imprisonment for a maximum of six months, or both."

Background

{¶16}  The City presented two witnesses at trial.  The first was Hudson Community Development Director, Greg Hannon.  The second was Nick Bellas, who served as a code inspector in Hudson during the times relevant to this case.  The City presented evidence in support of the following narrative.

{¶17}  Ravida used an online portal to apply for a zoning permit to build a fence on his property located on Edgar Drive.  An administrative review of the application revealed that the administrative staff could not approve Ravida's plans due to the fact that Ravida sought to build split rail fence with wire mesh lining, which was not authorized under Hudson's architectural design standards.  Hannon testified that the administration followed a standard procedure where Ravida's application was submitted to the AHBR and Ravida was given a hearing date.  Ravida ultimately reached a resolution with the AHBR on two separate issues.  First, Ravida was prohibited from including the wire mesh lining in the portion of the split rail fence located in the front yard of his property.  Second, Ravida agreed to observe certain setback requirements pertaining to the public right-of-way.  Specifically, Ravida was required to erect the fence 16 feet back from the pavement edge in the front yard on Edgar Drive and 30 feet back from the pavement edge on the side yard that runs along Topper Drive.  Pursuant to these conditions, the City issued the zoning permit on September 8, 2023.

{¶18}  Ravida moved quickly to erect the fence after obtaining the permit. The project had already been completed by October 3, 2023, when Nick Bellas traveled to the property to perform an inspection.  Bellas immediately noticed that the fencing in the front yard contained wire mesh lining, in violation of the conditions upon which the zoning permit was issued.  Bellas also discovered that the fence was not in compliance with the setback conditions on both Edgar Drive

and Topper Drive. Bellas testified that he had a brief conversation with Ravida after discovering the issues on October 3, 2023. Bellas further testified that he mistakenly hit a button on his iPad indicating the fence had passed the inspection. Bellas returned to his office within an hour of performing the inspection and sent Ravida an email clarifying that the fence had not, in fact, passed the inspection. On behalf of the City, Bellas sent Ravida a violation letter on October 12, 2023, detailing the reasons that the fence had failed the inspection. When the issues were not corrected, Bellas sent a follow-up letter on December 18, 2023, which again explained the problems with the fence and stated that Ravida had until January 18, 2024 to correct the violations. In both letters, Bellas provided his contact information and encouraged Ravida to contact him regarding any questions or concerns. Bellas did not hear from Ravida and the violations were not remedied within the specified timeframe.

**{¶19}** At the end of trial, the trial court found Ravida guilty. The trial court found that the evidence supported the conclusion that Ravida "thought it would be better to ask for forgiveness than permission." The trial court observed that Ravida's appearance before the AHBR resulted in the issuance of a permit that was clear in its terms with respect to the setbacks and the wire mesh lining. In specific regard to the wire mesh lining, the trial court emphasized that there was no scenario where Ravida thought that the wire mesh lining was permissible in front of his house. The trial court subsequently issued a journal entry finding that "[Ravida] failed to comply with the conditions of his permit and, as such, violated and continues to violate [H.C.O.] 1212.02(a)(b)(9)(10)."

## Discussion

**{¶20}** Ravida raises two arguments in support of his sufficiency challenge. First, Ravida contends that violating a zoning permit is not among the actions to which Hudson's land use

ordinance attached criminal liability. Second, Ravida contends that the trial court improperly imposed a strict liability standard and that the trial court failed to prove his culpability in violating the ordinance.

{¶21} Ravida's contention that H.C.O. 1212.02(b)(9)/(10) does not pertain to the conduct at issue here is not well-taken. At trial, the City presented evidence that the zoning permit was issued with a site plan that specified the conditions under which the AHRB approved the zoning permit. As discussed above, Ravida did not receive a zoning permit until he agreed to the AHRB's conditions regarding the setbacks and the wire mesh lining. The site plan was introduced as an exhibit at trial. H.C.O. 1212.02(b)(9) specifically refers to the "[f]ailure to comply with any terms, conditions, or limitations contained on the site plan[.]" In turn, H.C.O. 1212.02(b)(10) refers to the [f]ailure to comply with any condition of record imposed by the appropriate decision-maker upon its review of the final site plan, planned development plan, site-specific development plan, or other plan for development under the provisions of this Code[.]" The evidence here showed that Ravida failed to comply with the terms of the site plan, which reflected the conditions upon which the AHRM approved Ravida's zoning permit. Accordingly, Ravida's contention that the conduct in this case fell outside the scope of H.C.O. 1212.02(b)(9)/(10) is without merit.

{¶22} Ravida further contends that the trial court improperly imposed a strict liability standard in this case.

{¶23} H.C.O. 1212.02(b) does not specify a mens rea element, meaning that the City was required to demonstrate that he acted recklessly. *See* R.C. 2901.21(C)(1). R.C. 2901.21(C)(1) states that "[w]hen language defining an element of an offense that is related to knowledge or intent or to which mens rea could fairly be applied neither specifies culpability nor plainly indicates a purpose to impose strict liability, the element of the offense is established only if a person acts

recklessly." R.C. 2901.22(C) states that "[a] person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that such circumstances are likely to exist."

{¶24} As an initial matter, this Court is mindful that a sufficiency challenge calls for an evidence-based inquiry. In support of his sufficiency challenge, Ravida highlights that the trial court failed to specify a mens rea element in its written decision finding Ravida guilty. With respect to that concern, we note that the transcript indicates the trial court's comments at the end of trial were consistent with a finding that Ravida acted recklessly. Specifically, the trial court stated on the record that the conditions under which the AHRB agreed to issue the zoning permit were clear and Ravida erected the fence in a manner indicating that he "thought it would be better to ask for forgiveness than permission." Regardless of the manner in which the trial court worded its written decision, however, this Court remains mindful that a sufficiency analysis requires a determination of whether the evidence was legally sufficient to support the finding of guilt by the trier of fact. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).

{¶25} Here, the evidence presented by the City demonstrated that Ravida acted recklessly in erecting the fence in a manner that violated the conditions of the zoning certificate and site plan. The City presented ample evidence that the conditions upon which the AHRB issued the zoning permit were made clear to Ravida. Ravida would not have been able to obtain a zoning permit unless he agreed to the setback requirements and the prohibition against wire mesh fencing in the front yard. After obtaining the permit, Ravida proceeded to erect his fence in a manner that

disregarded those agreed upon conditions. Ravida also failed to take measures to remedy the issues in the timeframe specified by the City. This evidence, when construed in the light most favorable to the City, was sufficient to demonstrate that Ravida acted recklessly in violating H.C.O. 1212.02(b)(9)/(10).

**{¶26}** Ravida's third assignment of error is overruled.

## ASSIGNMENT OF ERROR I

THE COMPLAINT IS PLAINLY VOID FOR FAILING TO ALLEGE RECKLESSNESS.

## ASSIGNMENT OF ERROR IV

RAVIDA'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶27}** In his first assignment of error, Ravida argues that the trial court committed plain error by not sua sponte dismissing the complaint on the basis that it did not specify a mens rea element. In his fourth assignment of error, Ravida argues that his conviction was against the weight of the evidence. In light of this Court's resolution of Ravida's second assignment of error, this Court declines to address Ravida's first assignment of error as it is premature. Furthermore, this Court declines to address Ravida's fourth assignment of error as it has been rendered moot. App.R. 12(A)(1)(c).

### III.

**{¶28}** Ravida's second assignment of error is sustained. Ravida's third assignment of error is overruled. This Court declines to address Ravida's first and fourth assignments of error. The judgment of the Stow Municipal Court is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
DONNA J. CARR
FOR THE COURT

STEVENSON, J.
CONCURS.

FLAGG LANZINGER, J.
DISSENTING.

{¶29} I respectfully dissent from the majority opinion. At the arraignment, the trial court explained the potential penalties for the offense to Ravida. Ravida also confirmed he watched a

video that "went through the options of guilty, not guilty, no contest, as well as [his] right to a lawyer, and if [he could not] afford one, one w[ould] be appointed to represent [him]." In discussing this video, the trial court also noted "there's always a danger of or disadvantage in proceeding without talking to an attorney before resolving a matter." The trial court asked Ravida if he understood this, and Ravida confirmed that he did.

{¶30} The video Ravida watched at his arraignment is not part of the record on appeal. As this Court has acknowledged, "[i]n the absence of a complete record or a substitute statement of the evidence as permitted by App.R. 9(C) and (D), an appellate court must presume regularity in the trial court's proceedings and accept the validity of its judgment." *State v. Weideman*, 2024-Ohio-5152, ¶ 7 (9th Dist.), quoting *Skycasters, LLC v. Kister*, 2021-Ohio-4154, ¶ 19 (9th Dist.). The absence of the video or a substitute under App.R. 9(C) or (D) requires this Court to speculate as to the information Ravida received at his arraignment regarding the waiver of his right to counsel. *See State v. Byall*, 2019-Ohio-3132, ¶ 25 (9th Dist.) (acknowledging that a speculative argument "is not akin to affirmatively demonstrating error on appeal."). Moreover, once a defendant properly waives his right to counsel, a trial court is not required to obtain additional waivers of that right at subsequent stages of the proceedings. *See State v. Jackson*, 2019-Ohio-2933 (1st Dist.). Not only is this not required, it is impractical.

{¶31} In light of the foregoing, I would presume regularity in the proceedings and would overrule Ravida's second assignment of error. I would then address Ravida's remaining assignments of error. For these reasons, I respectfully dissent.

APPEARANCES:

ANDREW KARAS, Attorney at Law, for Appellant.

SARA FAGNILLI, Attorney at Law, for Appellee.